IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| THE ALABAMA DENTAL ASSOCIATION, INC., LEW MITCHELL, DMD, and JAMES SANDERSON, DMD,      ) ) ) ) | |

THE ALABAMA DENTAL ASSOCIATION, )
 INC., LEW MITCHELL, DMD, and )
JAMES SANDERSON, DMD, )
                           )
           Plaintiffs,      )     Civil Action No.: 2:05cv1230-W
                           )
                           )
     v.                         )
                           )
BLUE CROSS AND BLUE SHIELD )
OF ALABAMA, )
                           )
           Defendant.      )

## NOTICE OF REMOVAL

Defendant Blue Cross and Blue Shield of Alabama ("Blue Cross") hereby removes to this Court pursuant to 28 U.S.C. §§ 1441, 1442(a)(1), and 1446 the action commenced by The Alabama Dental Association, Inc., Dr. Lew Mitchell and Dr. James Sanderson ("Plaintiffs") in the Circuit Court of Montgomery County, Alabama, which case is styled *The Alabama Dental Association, Inc., et al. v. Blue Cross and Blue Shield of Alabama*, Docket Number CV-05-2986-TMH. As grounds therefore, Blue Cross states as follows:

1. On November 22, 2005, Plaintiffs filed the action now pending in the Circuit Court of Montgomery County, Alabama, styled *The Alabama Dental Association, Inc., et al. v. Blue Cross and Blue Shield of Alabama*, Docket Number CV-05-2986-TMH (the "State Court Action").

01279053.1

2.      This Notice of Removal is filed within 30 days after Blue Cross's receipt of the Complaint.

3.      Blue Cross is an Alabama non-profit corporation that is licensed to do business in Alabama and is organized for the special purpose of managing health care plans for its subscribers.

4.      This Court has jurisdiction under several alternative theories: (1) federal question jurisdiction under the Federal Employees Health Benefit Act ("FEHBA"), 5 U.S.C. §§ 8901-8914, pursuant to both preemption and federal common law; (2) Federal Officer Removal jurisdiction pursuant to 28 U.S.C. §1442(a)(1); and (3) federal question jurisdiction under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001, *et seq*.

I.      **Jurisdiction under FEHBA**

5.      Among the dental benefits that Blue Cross insures or administers are dental benefits under a health benefits plan for federal government employees and annuitants and their dependents, which is known as the "Service Benefit Plan." The Service Benefit Plan was created by a federal government contract between the United States Office of Personnel Management ("OPM") and the Blue Cross and Blue Shield Association ("Association"), pursuant to the Federal Employees Health Benefits Act ("FEHBA"), 5 U.S.C. §§ 8901-8914. *See generally* 2002 Service Benefit Plan Master Contract & amendments (Exhibit A); *see also* 2005 Statement of Benefits for the Service Benefit

Plan at 4 (Exhibit B). The Association acts on behalf of local Blue Cross and Blue Shield Plans, which administer and underwrite the Service Benefit Plan in their localities. Blue Cross administers and underwrites the Service Benefit Plan in Alabama, where there are approximately 150,000 enrollees.

6.  FEHBA and the regulations implementing it (promulgated by OPM) establish a comprehensive framework for the supervision and administration of FEHBA plans.

a.  FEHBA authorizes OPM to contract for the provision of health benefits plans, to determine the benefit structure of each plan, and to promulgate the official description of a plan's terms in a "Statement of Benefits." *See* 5 U.S.C. §§ 8902(a), 8902(d), 8907. The government contract between OPM and the Association incorporates this Statement of Benefits as part of its terms. *See* 2002 Service Benefit Plan Master Contract § 2.2(a) (Exhibit A). The federal government subsidizes the Service Benefit Plan, and the funds to pay benefits are held in the U.S. Treasury. *See* 5 U.S.C. §§ 8906, 8909.

b.  Congress vested in OPM the exclusive authority to police the conduct and practices of the entities administering FEHBA plans, which are known as "carriers." OPM has promulgated extensive regulations on the topic. *See* 5 U.S.C. §§ 8902(e), 8910, 8913(a); 48 C.F.R. Chapter 16; *see also Bridges v. Blue Cross & Blue Shield Ass'n*, 935 F. Supp. 34, 42-43 (D.D.C. 1996); *Kight v. Kaiser Found. Health Plans of the Mid-Atlantic States, Inc.*, 34 F. Supp. 2d. 334, 342 (E.D. Va. 1999).

c. FEHBA, OPM's regulations, and the Statement of Benefits establish that the exclusive remedy for a purportedly wrongful denial of benefits or services is an administrative appeal at OPM, followed by judicial review of OPM's decision. OPM proscribes lawsuits against a FEHBA carrier or its subcontractors relating to the provision of benefits or services under a FEHBA plan. *See* 5 U.S.C. §§ 8902(j), 8912; 5 C.F.R. §§ 890.105, 890.107; 2005 Statement of Benefits at 101-02 (Exhibit B). OPM's administrative appeal procedure expressly applies not only to enrollees, but to providers and others acting on an enrollee's behalf. 5 C.F.R. § 890.105(a)(2); 2005 Statement of Benefits at 102 (Exhibit B).

d. FEHBA contains a broad preemption provision that states: "The terms of any contract under this chapter which relate to the nature, provision, or extent of coverage or benefits (including payments with respect to benefits) shall supersede and preempt any State or local law, or any regulation issued thereunder, which relates to health insurance or plans." 5 U.S.C. § 8902(m)(1) (2000) (as amended by the Federal Employees Health Care Protection Act of 1998, Pub. L. No. 105-266, § 3(c), 112 Stat. 2363, 2366 (1998)). In enacting this preemption provision (which amended an earlier preemption section), Congress intended to "confirm" that "FEHB program contract terms which relate to the nature or extent of coverage or benefits (including payments with respect to benefits) completely displace State or local law relating to health insurance or plans," "to strengthen the case for trying FEHB program claims disputes in Federal courts rather than State courts," and "to strengthen the ability of national plans to offer uniform

benefits and rates to enrollees regardless of where they may live." H.R. Rep. No. 105-374, at 9, 16 (1997) (Exhibit C).

      e. As relevant to Plaintiffs' allegations, the government contract between OPM and the Association and the Statement of Benefits contain, among other provisions, extensive provisions concerning payment amounts to providers for dental services, the time period for paying claims, and a definition and limitation concerning payments for only "medically necessary" services. *See* 2002 Service Benefit Plan Master Contract §§ 1.9(b)(2)(ii), 2.3 (Exhibit A); 2005 Statement of Benefits at 28, 112, 88-93 (Exhibit B).

### A.  *Federal Question Jurisdiction under FEHBA*

      7.  This case is removable pursuant to 28 U.S.C. § 1441 based on federal question jurisdiction existing under 28 U.S.C. § 1331 because FEHBA completely preempts Plaintiffs' state law claims seeking recovery for services to enrollees in the Service Benefit Plan.

      a. FEHBA's enforcement scheme provides the exclusive remedy for all grievances associated with a FEHBA plan's terms or administration. Moreover, FEHBA preempts state laws and claims relating to the provision and payment of FEHBA benefits, and Congress intended to completely displace and make removable state law claims falling within the scope of FEHBA preemption. On these bases, FEHBA "completely preempts" and makes removable claims relating to the Service Benefit Plan and its administration. *See Beneficial Nat'l Bank v. Anderson*, 123 S. Ct. 2058, 2064 & n.5 (2003); *Botsford v. Blue Cross & Blue Shield of Mont., Inc.*, 314 F.3d 390, 399 (9th Cir.

2002); *Carter v. Blue Cross & Blue Shield of Fla., Inc.*, 61 F. Supp. 2d 1237, 1244 & n.2 (N.D. Fla. 1998); *Rievley v. Blue Cross & Blue Shield of Tenn.*, 69 F. Supp. 2d 1028, 1035-37 (E.D. Tenn. 1999); *Kight v. Kaiser Found. Health Plan of the Mid-Atlantic States, Inc.*, 34 F. Supp. 2d 334, 338-40 (E.D. Va. 1999); *Lieberman v. National Postal Mail Handlers Union*, 819 F. Supp. 344, 346-49 (S.D.N.Y. 1993). In particular, in-network provider claims are completely preempted where the terms of the provider contracts make the determination of benefits dependent on the terms of the insurer's agreement covering the enrollee; out-of-network provider claims are completely preempted because they are based on the assignments of rights of Service Benefit Plan enrollees and on the terms of the insurer's agreement covering the enrollee[1]. *See St. Mary's Hospital v. CareFirst of Maryland, Inc.*, 192 F. Supp. 2d 384, 388-89 (D. Md. 2002) (holding that FEHBA completely preempts provider's claim under provider contract where suit turned on construction of "medical necessity" provision in FEHBA plan); *Lieberman*, 819 F. Supp. at 346-49 (federal jurisdiction and preemption under FEHBA of claim by provider with assignment); *cf. Radiology Assocs. of San Antonio, P.A. v. Aetna Health, Inc.*, 2005 U.S. Dist. LEXIS 3749 (W.D. Tex. Mar. 2, 2005) (holding that ERISA completely preempts provider's claim based on provider's contract with insurer).

---

[1] Indeed, the allegations of Plaintiffs' Complaint specifically reference promises contained in "out-of-network" contracts thus requiring the adjudicating court to consult and interpret the terms and provisions of subscriber contracts. *See* Plaintiffs' Complaint at ¶ 36 ("Based on Defendants' fraudulent misrepresentations Plaintiff Sanderson and the 'Out-of-Network' Class submitted claims to BCBS, as third party beneficiaries to the contract between the subscribers and Defendant BCBS…") and ¶ 54 ("Plaintiff Sanderson and the 'Out-of-Network' Class were third party beneficiaries to contracts in which claims were to be adequately and timely paid.")

8.    Independent of complete preemption, the case also raises federal questions and therefore is removable because it necessarily turns on the construction of federal government contracts and federal common law. Suits that involve FEHBA benefits, involve the interpretation of the terms of FEHBA contracts and plans, or concern standards of FEHBA carrier conduct are governed by federal common law. As a consequence, Plaintiffs' claims seeking recovery for services to Service Benefit Plan enrollees necessarily turn on the construction of federal law and, therefore, arise under federal law. *See Blue Cross & Blue Shield of Ill. v. Cruz*, 396 F.3d 793, 799-800 (7th Cir. 2005); *Caudill v. Blue Cross & Blue Shield of N.C., Inc.*, 999 F.2d 74, 77-79 (4th Cir. 1993); *Kight v. Kaiser Found. Health Plan of the Mid-Atlantic States, Inc.*, 34 F. Supp. 2d 334, 341 (E.D. Va. 1999); *Rievley v. Blue Cross Blue Shield of Tenn.*, 69 F. Supp. 2d 1028, 1037 (E.D. Tenn. 1999); *see generally Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Manuf.*, 125 S. Ct. 2263 (2005).

**B.    *FEHBA Removal Under 28 U.S.C. § 1442(a)(1)***

9.    Claims seeking recovery for services to enrollees in the Service Benefit Plan are removable under 28 U.S.C. § 1442(a)(1) for the following reasons:

a.    As pertinent to 28 U.S.C. § 1442(a)(1), Plaintiffs are suing Blue Cross in connection with actions performed under the direction of a federal agency and federal officers. A defendant is deemed to act under the direction of a federal agency and federal officers where the actions at issue were taken in the course of administering a federal program over which a federal agency and its officers have comprehensive and detailed control or supervision. *E.g., Paul Howard, M.D. v. Blue Cross Blue Shield of Alabama,*

7

CV-05-BE-1894-S, Order dated Nov. 22, 2005 (N.D. Ala. 2005)(holding that Blue Cross may remove suit by provider seeking payment for services to Blue Cross's members, including federal employees) (Exhibit D); *Anesthesiology Assocs. of Tallahassee, P.A. v. Blue Cross & Blue Shield of Fla.*, No. 03-15664, slip op. at 3-5 (11th Cir. Mar. 18, 2005) (Exhibit E) (holding that Blue Cross Blue Shield entity administering FEHBA plan properly invoked section 1442(a)(1) to remove claim brought by provider); *Peterson v. Blue Cross/Blue Shield of Tex.*, 508 F.2d 55, 56-57 (5th Cir. 1975) (holding that Blue Cross Blue Shield entities administering Medicare plan properly removed claim brought by provider, pursuant to section 1442(a)(1)); *Holton v. Blue Cross & Blue Shield of S.C.*, 56 F. Supp. 2d 1347, 1351-52 (M.D. Ala. 1999) (holding that Blue Cross, in case involving health benefits for dependents of military retirees, properly removed case pursuant to section 1442(a)(1)).  Here, to the extent their Complaint relates to services provided to Service Benefit Plan enrollees, Plaintiffs sue Blue Cross under state law for actions in connection with Blue Cross's administration of a FEHBA plan; these actions are subject to the strict and comprehensive control and oversight of a federal agency (OPM), including provisions in the Statement of Benefits setting fixed fees for payments for dental services and specific contract provisions governing the time for paying provider claims.  On this basis, Plaintiffs' claims are causally connected to Blue Cross's actions under the direction of a federal agency and its officers.

b.  Also consistent with the requirements of 28 U.S.C. § 1442(a)(1), Blue Cross has colorable federal defenses to Plaintiffs' claims against it.  Blue Cross has a colorable defense of preemption, because 5 U.S.C. § 8902(m)(1) provides squarely that

no claims may be pursued under state law that relate to a FEHBA contract's terms or a FEHBA plan's benefits or administration. *See Blue Cross & Blue Shield of Fla., Inc. v. Dep't of Banking & Fin.*, 791 F.2d 1501, 1504-06 (11th Cir. 1986); *see also Tackitt v. Prudential Ins. Co. of Am.*, 758 F.2d 1572, 1575 (11th Cir. 1992); *Carter v. Blue Cross & Blue Shield of Fla., Inc.*, 61 F. Supp. 2d 1241, 1243-45 (N.D. Fla. 1999). Additionally, Blue Cross has colorable defenses of official and sovereign immunity on the grounds that Plaintiffs are here suing a party acting under color of federal authority for actions taken in the course of its official duties, and Plaintiffs' case implicates funds in the U.S. Treasury, making the United States the real party in interest. *See Shands v. Beech St. Corp.*, 208 F.3d 1308, 1311-13 (11th Cir. 2000) (finding contractor administering health benefits plan for state government employees immune from provider's suit); *see also Matranga v. Travelers Ins. Co.*, 563 F.2d 677, 677 (5th Cir. 1977); 85 F.2d 1073, 1074-75 (D.C. Cir. 1973); *Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 74 (2d Cir. 1998).

## II.    Jurisdiction under ERISA

10.    In addition to jurisdiction under FEHBA, this Court has jurisdiction pursuant to the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001, *et seq.* Many of the health care plans managed by Blue Cross are established and maintained by employers to provide medical, surgical, or hospital care or benefits to their employees. Such plans are governed by ERISA. In fact, approximately 70% of Blue Cross members receive their health benefits coverage under ERISA plans that are either insured or administered by Blue Cross. *See* Aff. of C. Caudle

attached hereto as Exh. "F". Blue Cross has entered into a contract with providers of dental services, including Dr. Lew Mitchell, who agreed to provide dental services to participants in health care plans that are administered or insured by Blue Cross. Dr. Sanderson provides dental services to Blue Cross subscribers but is an out-of-network provider who does not have a participating dental agreement with Blue Cross. *Complaint*, ¶ 6(a).

11.    Plaintiffs admit that they file claims as assignees of participants or beneficiaries of the aforementioned ERISA-governed employee welfare benefit plans. *Complaint*, ¶ 8. They are therefore entitled to receive from such plans payments for covered services rendered to such participants or beneficiaries.

12.    Plaintiffs claims against Blue Cross in the Complaint are for, among other things, benefit payments allegedly due to Plaintiffs from employee health benefit plans administered or insured by Blue Cross and governed by ERISA[2]. Among other things, Plaintiffs allege:

> Plaintiffs…are entitled to receive objective claim processing and payment at agreed-upon rates, either as set forth in in-network contracts, or, for out-of-network dental providers, in the subscriber contracts. Blue Cross … [b]y applying automated claim processing… engages in a practice designed to systematically deny, delay, and diminish payments to Plaintiffs… *Complaint*, ¶ 11.

---

[2] Moreover, as noted above, the allegations of Plaintiffs' Complaint specifically reference promises contained in "out-of-network" contracts thus requiring the adjudicating court to consult and interpret the terms and provisions of subscriber contracts. *See* Plaintiffs' Complaint at ¶ 36 ("Based on Defendants' fraudulent misrepresentations Plaintiff Sanderson and the 'Out-of-Network' Class submitted claims to BCBS, as third party beneficiaries to the contract between the subscribers and Defendant BCBS…") and ¶ 54 ("Plaintiff Sanderson and the 'Out-of-Network' Class were third party beneficiaries to contracts in which claims were to be adequately and timely paid.")

> [Blue Cross]...routinely and automatically den[ies] payment for certain CDT codes without any inquiry into or analysis of medical necessity... Blue Cross systematically denies valid claims submitted for payment by Plaintiffs on this basis. *Id.* ¶¶ 12, 13.

13.     Plaintiffs demand judgment for "damages" for these alleged intentional delay of claims payments, failure to pay for "medically necessary" services, and improperly bundling and downcoding claims in order "to systematically deprive Plaintiffs of fees owed to them for covered dental services that they rendered to Blue Cross subscribers." *Complaint,* ¶ 17.  Such claims clearly fall within the scope of section 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a)(1)(B), which provides that a participant or his assignee may bring an action "to recover benefits due to him under the terms of his plan . . ."

14.     Under section 502(e)(1) of ERISA, 29 U.S.C. § 1132(e)(1), this Court has original jurisdiction, concurrent with the state courts, over claims arising under section 502(a)(1)(B) of ERISA.  This case is therefore removable to this Court pursuant to 28 U.S.C. § 1441(a).

## III.   All Requirements for Removal Have been Satisfied

15.     All requirements for the removal of this case have been satisfied.

16.     Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the Summons, Complaint and First Amended Complaint, being all the process and pleadings filed in the State Court Action as of the date hereof, is attached to this Notice of Removal as Exhibit "G".

17.    Blue Cross will give prompt, written notice of the filing of this Notice of Removal to Plaintiffs' counsel, and will promptly file a copy of the Notice of Removal with the Circuit Court of Montgomery County, Alabama.

WHEREFORE, Defendant Blue Cross and Blue Shield of Alabama requests that the action in the Circuit Court of Montgomery County, Alabama, and styled *The Alabama Dental Association, Inc., et al. v. Blue Cross and Blue Shield of Alabama*, Docket Number CV-05-2986-TMH, together and with all process, pleadings and orders therein, be removed to this Court.

Dated:  December 27, 2005

Respectfully submitted,

James L. Priester
Edward A. "Ted" Hosp
Grace Robinson
Maynard Cooper & Gale, PC
1901 Sixth Avenue North
2400 AmSouth/Harbert Plaza
Birmingham, AL  35203-2602
Tel:  (205) 254-1000
Fax:  (205) 254-1999

OF COUNSEL:
Jere F. White, Jr.
Terrence W. McCarthy
LIGHTFOOT, FRANKLIN & WHITE, L.L.C.
The Clark Building
400 North 20th Street
Birmingham, AL 35203-3200
(205) 581-0700
Fax: (205) 581-0799

Attorneys for Defendant Blue Cross and Blue Shield of Alabama

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing document was served upon the

following individuals by U.S. mail on December 27, 2005:

Clinton C. Carter
Beasley, Allen, Crow, Methvin, Portis & Miles, P.C.
Post Office Box 4160
Montgomery, Alabama 36103-4160

McCallum, Methvin & Terrell
The Highland Building
2201 Arlington Avenue South
Birmingham, Alabama 35205

McCallum, Hoaglund, Cook &Irby
2062 Columbiana Road
Vestavia Hills, Alabama 35216

OF COUNSEL

2:05CV1230-W

EXHIBITS TO NOTICE OF REMOVAL NOT

SCANNED.  THEY ARE FILED IN

CONVENTIONAL FORMAT AND

AVAILABLE  FOR VIEWING IN THE

CLERK'S OFFICE.