IN THE CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA

| | |
|---|---|
| THE ALABAMA DENTAL ASSOCIATION, in an associational capacity on behalf of its members, and LEW MITCHELL, D.M.D., and JAMES SANDERSON, D.M.D., individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>vs.<br><br>BLUE CROSS AND BLUE SHIELD OF ALABAMA, INC.; and Fictitious Defendants "A", "B", and "C", whether singular or plural, or those other persons, corporations, firms, or other entities whose wrongful conduct caused or contributed to cause the injuries and damages to the Plaintiff, all of whose true and correct names are unknown to Plaintiff at this time, but will be substituted by amendment when ascertained,<br><br>    Defendants. | CIVIL ACTION NO. CV-05-2984 |

*(§ symbols run down the center dividing the parties from the civil action number)*

*(filing stamp: 2005 NOV 22 PM 3:58, CIRCUIT COURT CLERK, MONTGOMERY COUNTY)*

## COMPLAINT

Plaintiffs, the Alabama Dental Association (ALDA), Lew Mitchell, DMD, and James Sanderson, DMD, by and through their undersigned counsel and based, *inter alia*, on their counsel's investigation, for their complaint, allege upon personal knowledge as to themselves and their own acts, and upon information and belief as to all other matters, as follows:

Plaintiffs, the Alabama Dental Association, Lew Mitchell, D.M.D. and James Sanderson, D.M.D., by their undersigned attorneys, bring this class action pursuant to Rule 23 of the Alabama Rules of Civil Procedure against the Defendants, along with all predecessors and successors, and other related affiliates or parties to whom the allegations of the Complaint pertain (collectively referred to herein as "Defendants"), and allege upon personal knowledge as to themselves and their own acts, and upon information and belief as to all other matters, based on *inter alia*, the investigation made by and through their attorneys, as follows:

## CLASS ACTION ALLEGATIONS

1.     This is a Statewide Class Action on behalf of all others similarly situated against Defendant BLUE CROSS AND BLUE SHIELD OF ALABAMA, INC. seeking compensatory and punitive damages as well as declaratory and injunctive relief, alleging fraud, suppression, unjust enrichment, breach of contract, and/or other wrongful conduct.

2.     The claims in this action are founded upon the common law of the State of Alabama for fraud, suppression, unjust enrichment, breach of contract and other wrongful conduct.

3.     Plaintiffs and the Class are entitled to and do seek declaratory and injunctive relief, as well as compensatory and punitive damages against the named Defendants in this action.

4.     Plaintiffs and the Class seek compensatory and punitive damages for each class member for Defendants' fraud and other wrongful conduct as alleged herein. Plaintiffs and the Class also seek declaratory and injunctive relief for the unjust

enrichment to Defendant Blue Cross and Blue Shield of Alabama. There are no federal claims asserted herein, and no right of recovery by the named Plaintiffs or any member of the Class depends on application or interpretation of any federal statute. Plaintiff and the Class do not assert a claim under or seek relief allowed by or pursuant to any federal statute or cause of action.

5.    Certification under Rule 23(b)(2) and/or (b)(3) Ala.R.Civ.P., is proper.

6.    Plaintiffs and the Class seek certification of a statewide class action against the named Defendants for the fraud, suppression, unjust enrichment, breach of contract, and other wrongful conduct alleged in this Complaint. The Plaintiff class consists of the following:

(a) all members of the ALDA who are, or were, at any time during the period within two years of the date this action is filed, dental service providers who were considered by Defendant BCBS to be out-of-network and who were paid less than their charges for dental services provided to Defendant BCBS's subscribers ("Out-of-Network Class"); or

(b) all members of the ALDA who are, or were, at any time during the period within six years of the date of this action is filed, dental service providers who were considered by BCBS to be in-network and who were paid less than their contracted charges for dental services provided to Defendant BCBS's subscribers ("In-Network Class") .

7.    The Rule 23(a) and Rule 23(b) requirements are met because:

a.    The class is so numerous that joinder of all members in this action is impracticable. Plaintiffs are not aware of the precise number of class members at this time, but believe that the proposed class consists of approximately sixteen-hundred (1600) members throughout the State of Alabama. The names and addresses of members of the class can be ascertained from Defendants' books and records.

b.      There are questions of law or fact common to the class, including but not exclusively limited to:

1.     Whether Defendants used and continue to use automated systems to substitute a dental code that has a lower reimbursement rate;

2.     Whether Defendants used and continue to use automated systems to combine multiple procedures to reduce the amount to be paid;

3.     Whether Defendants used and continue to use automated systems to request additional documentation in order to avoid and/or delay payment;

4.     Whether Defendants used and continue to use automated systems to improperly deny claims; and

5.     Whether Defendants breached their contractual obligations by systematically paying in-network dental service providers less than their contracted charges without a reasonable basis for doing so.

c.      The common questions predominate over any questions affecting only individual members.

d.      The named Plaintiffs are adequate representatives of the class. The claims of the Plaintiff class representatives are typical of those of the class members in that they were subjected to the same unlawful treatment and Plaintiffs suffered the same type harm as suffered by other members of the class. The class representatives will vigorously pursue the claims on behalf of the class and will fairly and adequately protect the interests of the class. Plaintiffs' counsel is experienced and professionally able to properly represent Plaintiffs' class.

4

e.    The claims of the representative parties are typical of the claims of each member of the class and are based on or arise out of the similar facts constituting the wrongful conduct of the Defendants.

f.    A class action is far superior to any other available method, if there is any, for the fair and efficient adjudication of this controversy.

## STATEMENT OF THE PARTIES

8.    The ALDA is an Alabama not-for-profit corporation with its principal place business in Montgomery County, Alabama. ALDA was founded in 1869 and is part of a tripartite system with the American Dental Association and nine component district dental societies. The ALDA represents over 1600 dentists throughout the State of Alabama. The stated objective of ALDA is to represent Alabama dentists and their efforts to provide quality dental care to the citizens of Alabama. The ALDA brings this action as a representative of its members who have submitted, or will submit, claims to Defendants for dental services they performed as in-network or out-of-network providers and who have, or will be, harmed by Defendants' conduct as alleged herein.

9.    Plaintiff Mitchell is over the age of nineteen years (19) and resides in Etowah County, Alabama. He has provided dental treatment to patients pursuant to in-network contracts with Defendant BCBS. Class representative Mitchell has received payments from Defendants for dental services which were reduced because of Defendants' conduct as alleged herein.

10.    Plaintiff Sanderson is over the age of nineteen years (19) and resides in Shelby County, Alabama. He has provided dental treatment to patients pursuant to out-of-network contracts with Defendant BCBS. Class representative Sanderson has

received payments from Defendants for dental services which were reduced because of Defendants' conduct as alleged herein.

11.     Defendant Blue Cross and Blue Shield of Alabama, Inc. (BCBS) is a domestic corporation with its principal place of business located in Birmingham, Alabama. It is the parent corporation of a number of subsidiaries that provide health care services to approximately 3 million enrollees in various health care plans statewide.

12.     Fictitious Defendants "A", "B", and "C", whether singular or plural, are those other persons, firms, corporations, or other entities whose wrongful conduct caused or contributed to cause the injuries and damages to Plaintiffs and the Class, all of whose true and correct names are unknown to Plaintiffs and the Class at this time, but will be substituted by amendment when ascertained.

## STATEMENT OF THE FACTS

8.     Plaintiffs' provide dental services to BCBS's patients pursuant to either contract or as assignees of their patients' claims. Among other things, Plaintiffs are entitled to be compensated in a timely manner for rendering covered dental services in accordance with standard dental coding procedures. In addition, Plaintiffs are entitled to be compensated based upon specified or calculated rates as under contract or as assignees of their patients' claims.

9.     Plaintiffs, either pursuant to contract or as assignees of their patients' claims are required to submit a standardized coded claim form to BCBS for reimbursement. The standardized codes utilized by BCBS as well as the Plaintiffs and Class members are codes established by the American Dental Association ("ADA"). The codes utilized are

called Current Dental Terminology (CDT) codes. These codes are the national standard for reporting dental services by the Federal Government under the Health Insurance and Portability and Accountability Act of 1996 ("HIPAA").

10.    Plaintiffs rely upon BCBS's representations, both express and implied, that they will be paid for rendering covered dental services pursuant to, and consistent with, CDT codes submitted on the dental claim forms. Plaintiffs accept this arrangement by, *inter alia*, providing those services, by not billing the insured, by requesting payment for those services from BCBS or a designated payer in the manner required by BCBS, including using the ADA Dental Claim Form for in-network providers, and generally not balance billing the insured for amounts not covered by BCBS.

11.    By embodying the CDT codes in a standard, agreed-upon format, Plaintiffs rightfully expect, and are entitled to, receive objective claim processing and payment at agreed-upon rates, either as set forth in in-network contracts or, for out-of-network dental providers, in the subscriber contracts. Despite this fact, BCBS takes advantage of the very uniformity of the claim submission form to process Plaintiffs' claims through automated logic systems. By applying automated claim processing, rather than paying Plaintiffs for covered dental services in accordance with standard coding practices, BCBS engages in a practice designed to systematically deny, delay and diminish payments to Plaintiffs using the devices and techniques set forth below. Each of the Plaintiffs has been victimized by these schemes.

### Denial of Payment Requests Based Upon Cost Criteria Rather Than Coverage and Medical Necessity

12.    Instead of using dental coverage as the criteria for making payment decisions, BCBS secretly uses cost-based or other actuarial criteria unrelated to whether

7

a service or procedure is covered to approve or deny claims submitted by Plaintiffs and the class. For example, the Plans routinely and automatically deny payment for certain CDT codes without any inquiry into or analysis of medical necessity. These undisclosed cost-based criteria include Defendants' own guidelines and criteria as well as guidelines developed in concert with third parties.

13.    BCBS systematically denies valid claims submitted for payment by Plaintiffs on this basis.

## Downcoding and Bundling

14.    BCBS has also implemented systematic claims processes to manipulate the CDT codes contained in the claims forms submitted by Plaintiffs and class members by "downcoding" or "bundling" claims. To accomplish this, BCBS uses software capable of modifying CDT code protocols set by the ADA.

15.    "Downcoding" denies or diminishes the payment of claims submitted by dental providers by arbitrarily, and without prior notice, changing the code assigned to a particular service to a less expensive CDT code.

16.    "Bundling" denies or diminishes the payment of claims submitted by dental providers by arbitrarily, and without prior notice, combining the codes of two or more appropriately performed and billed procedures into one billed procedure.

17.    These procedures are not used, as BCBS contends, to correct improper coding, but, rather, to systematically deprive Plaintiffs of fees owed to them for covered dental services that they rendered to BCBS's subscribers.

18.    Similarly, BCBS also engages in downcoding procedures by noting on Explanation of Benefit ("EOB") forms provided to subscribers that "services are not

8

covered when billed with related primary procedures" or that, "based on information reported or in file, a different procedure code has been assigned."

### Refusal to Recognize Modifiers

19.     Defendants' automated processing systems also manipulate the data contained on standard claim forms by refusing to recognize "modifiers" — codes which indicate the degree of multiplicity, complexity or difficulty of the evaluation or procedure at issue.

20.     Rather than compensate Plaintiffs and class members for the services reflected by these enhancement codes, or question them on the basis of medical necessity, they are simply ignored.

21.     Nothing in standard coding guidelines requires the submission of additional documentation when modifiers are used, or permits them to be ignored.

### Intentional Delay of Payments

22.     In addition to denying and diminishing payments to Plaintiffs and class members, Defendants also intentionally deny them.

23.     One way this is done is through automated programs that "pend" claims, i.e. put them in a state of suspense before they are processed even though no additional information is needed or requested from Plaintiffs and class members.

24.     Delay is also accomplished through calculated understaffing.

25.     The end result is that average payment times exceed by multiples the time provided for by the State of Alabama as well as the time set by contract and industry practice. This provides Defendants with a significant float and deprives Plaintiffs and class

members of the time value of their money as well as one of the incentives to treat patients at reduced rates in a managed care context.

## Explanation of Benefits/Fraudulent Suppression

31.     Once Plaintiffs' and class members' payment requests have been improperly denied or diminished, Defendants provide Plaintiffs and class members with an EOB.

32.     Through coded explanations, the EOBs misrepresent or suppress the actual manner in which Plaintiffs' and the class members' payment requests were processed so as to induce them to accept reduced payments in reliance thereon.

33.     Defendants also suppress the manner in which they actually process requests for payment by refusing to disclose it, by taking affirmative steps to keep it secret, and by depriving Plaintiffs and class members of information that might enable them to discover their processing techniques, including such basic information as the schedule of fees in effect for various procedures.

## COUNT ONE

34.     Plaintiffs and the Class reallege all prior paragraphs of the Complaint as if set out here in full.

35.     Defendants fraudulently represented to Plaintiffs and the Class that they will be paid for rendering covered dental services pursuant to, and consistent with, CDT codes submitted on the dental claim forms. As a result of Defendants' fraudulent misrepresentations Plaintiff Mitchell and the "In-Network" Class were induced into entering into contracts in which claims were denied or diminished in an untimely fashion.

36. Based on Defendants' fraudulent misrepresentations Plaintiff Sanderson and the "Out-of-Network" Class submitted claims to BCBS, as third party beneficiaries to the contract between the subscribers and Defendant BCBS, that were denied or diminished in an untimely fashion.

37. Defendants fraudulently misrepresented and failed to disclose that instead of using dental coverage as the criteria for making payment decisions, Defendants secretly used cost-based or other actuarial criteria unrelated to whether a service or procedure is covered to approve or deny claims submitted by Plaintiffs and the class.

38. Said misrepresentations constitute actionable fraud under the common law of the State of Alabama.

39. The representations made by Defendants were false and Defendants knew they were false.

40. Plaintiff Mitchell and the "In-Network" Class relied upon the false representations and entered into contracts in which claims were denied or diminished in an untimely fashion.

35. Plaintiff Sanderson and the "Out-of-Network" Class relied upon the false representations and submitted claims to BCBS that were denied or diminished in an untimely fashion.

36. Without disclosure of the foregoing material facts and information, the representations by Defendants were false, misleading and deceptive.

37. Defendants' actions or inactions, by and through their agents, caused the Plaintiffs and the Class to be injured in their business and property.

38. As a proximate consequence of Defendants' fraud, Plaintiffs and the Class

were injured and damaged as follows: Defendants have forced Plaintiffs and members of the class to accept the loss of compensation for treating Defendant's insured; Plaintiffs and the Class must raise costs to patients to offset their losses due to the fraudulently reduced claims payments, which results in a loss of patient base; Plaintiffs and the Class suffer from mental anguish and emotional distress and will continue to do so; they have been otherwise injured and damaged.

WHEREFORE, Plaintiffs and the Class demand judgment against Defendants in such an amount of compensatory and punitive damages as a jury deems reasonable and may award, plus costs.

## COUNT TWO

39. Plaintiff and the Class reallege all prior paragraphs of the Complaint as if set out here in full.

40. Defendants fraudulently suppressed and/or failed to disclose to Plaintiffs and the Class that they have implemented systematic claims processes to manipulate the CDT codes contained in the claims forms so as to reduce claims exposure.

41. Through coded explanations, the EOBs misrepresent or suppress the actual manner in which Plaintiffs' and the class members' payment requests were processed so as to induce them to accept reduced payments in reliance thereon.

42. Defendants also suppress the manner in which they actually process requests for payment by refusing to disclose it, by taking affirmative steps to keep it secret, and by depriving Plaintiffs and class members of information that might enable them to discover their processing techniques, including such basic information as the schedule of fees in effect for various procedures.

43. Defendants fraudulently failed to disclose the true nature and underlying facts relating to the claims processes. Defendants participated in a deliberate course of conduct wherein Plaintiffs and the Class did not discover and could not through the exercise of reasonable diligence have discovered that they had been misled by Defendants' deceptive scheme of fraud and concealment.

44. As a result of Defendants' non-disclosure and/or suppression, Plaintiffs and the Class acted to their detriment by continuing submission of their claims because they did not have full disclosure of the material aspects of the agreements issued by Defendants.

45. As a proximate consequence, Plaintiffs and the Class were injured and damaged as alleged in paragraph 44 above.

WHEREFORE, Plaintiff and the Class demand judgment against Defendants in such an amount of compensatory and punitive damages as a jury deems reasonable and may award, plus costs.

## COUNT THREE

46. Plaintiffs and the Class reallege all prior paragraphs of the Complaint as if set out here in full.

47. The conduct alleged herein constitutes an unlawful, unfair, or fraudulent business practice on behalf of Defendants.

48. As a result of Defendants' violations, they and/or their agents and/or representatives have unjustly enriched themselves at the expense and to the detriment of Plaintiffs and the Class. Defendants and their agents and/or representatives unjust

enrichment continues to accumulate as they engaged in the unfair or fraudulent business acts and practices.

49. Defendants and their agents and/or representatives retention of the money gained through deceptive practices would be unjust considering the circumstances under which the funds were obtained.

50. BCBS continues to unjustly enrich itself in this fashion. Plaintiffs and the Class have no adequate remedy at law to stop this future confiscation, and will suffer irreparable harm without appropriate relief.

51. As a proximate consequence, Plaintiffs and the Class were injured and damaged as alleged in paragraph 44 above.

WHEREFORE, Plaintiffs and the Class demand appropriate declaratory and injunctive relief against Defendants.

## COUNT FOUR

52. Plaintiffs and the Class reallege all prior paragraphs of the Complaint as if set out here in full.

53. Plaintiff Mitchell and the "In-Network" Class entering into contracts in which claims were to be adequately and timely paid.

54. Plaintiff Sanderson and the "Out-of-Network" Class were third party beneficiaries to contracts in which claims were to be adequately and timely paid.

55. Defendants breached this agreement by engaging in a practice designed to systematically deny, delay and diminish payments to Plaintiffs and the Class.

14

56. As a proximate consequence, Plaintiffs and the Class were injured and damaged as alleged in paragraph 44 above.

WHEREFORE, Plaintiffs and the Class demand judgment against Defendants in such an amount of compensatory damages, as a jury deems reasonable and may award, plus costs.

JERE L. BEASLEY (BEA020)
W. DANIEL "DEE" MILES, III (MIL060)
CLINTON C. CARTER (CAR 112)
Attorneys for Plaintiffs

OF COUNSEL:
BEASLEY, ALLEN, CROW, METHVIN,
PORTIS & MILES, P.C.
PO Box 4160
Montgomery, Alabama 36103-4160
(334) 269-2343
(334) 954-7555 FAX

MCCALLUM, METHVIN & TERRELL, P.C.
2201 Arlington Ave. S.
Birmingham, Alabama 35205-0000
(205) 939-0199
(205) 939-0399 FAX

MCCALLUM, HOAGLUND, COOK & IRBY, LLP
2062 Columbiana Rd
Vestavia Hills , AL 35216-2147
(205) 824-7767
(205) 824-7768

JURY DEMAND

PLAINTIFF HEREBY DEMANDS TRIAL BY JURY ON ALL ISSUES.

OF COUNSEL

CERTIFICATE OF SERVICE

I hereby certify that I have filed the foregoing upon the Circuit Clerk with the Complaint on this the ⟨22⟩ day of ⟨Nov⟩_____, 2005.

_____

OF COUNSEL

| 2. Article Number | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| 7160 3901 9849 1049 2555 | A. Received by (Please Print Clearly)    B. Date of Delivery  2/1 26/5 |
| | C. Signature  X  W.H. Tatum      ☐ Agent  ☐ Addressee |
| 3. Service Type   CERTIFIED MAIL | D. Is delivery address different from item 1?   ☐ Yes   ☐ No  If YES, enter delivery address below:  SAC DI |
| 4. Restricted Delivery? (Extra Fee)   ☑ Yes | CV-05-2986 |
| 1. Article Addressed to:  Blue Cross and Blue Shield of Alabama, Inc.  c/o A. Grey Till, Jr.  450 Riverchase Parkway East  Birmingham, Alabama 3524 | Reference Information  AL Dental Assoc. v. BC/BS of Alabama  Clinton C. Carter  CAR 112 |

PS Form 3811, January 2005          Domestic Return Receipt

CV-05 - 2986

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93    Rev.5/99 | **COVER SHEET**<br>**CIRCUIT COURT – CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case Number<br>C V ☐☐☐☐ ☐☐☐☐ ☐☐ - ☐☐<br>Date of Filing:      Judge Code:<br>☐☐ ☐☐ ☐☐☐☐   TWH<br>Month   Day   Year |
|---|---|---|

### GENERAL INFORMATION

IN THE CIRCUIT COURT OF _____ MONTGOMERY COUNTY _____, ALABAMA
(Name of County)

The Alabama Dental Association, et al.    v.   Blue Cross and Blue Shield of Alabama, Inc., et al

**Plaintiff**                **Defendant**

First Plaintiff ☑ Business   ☐ Individual     First Defendant ☑ Business   ☐ Individual
            ☐ Government ☐ Other                  ☐ Government ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) the best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☐ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☑ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Property

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/<br>         Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/Injunction<br>         Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN** (check one):   F ☑ INITIAL FILING      A ☐ APPEAL FROM      O ☐ OTHER: _____
                                            DISTRICT COURT
             R ☐ REMANDED          T ☐ TRANSFERRED FROM<br>                                         OTHER CIRCUIT COURT

HAS JURY TRIAL BEEN DEMANDED?   ☑ YES   ☐ NO     Note: Checking "Yes" does not constitute a demand for a<br>                                                jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

RELIEF REQUESTED:   ☑ MONETARY AWARD REQUESTED     ☐ NO MONETARY AWARD REQUESTED

ATTORNEY CODE:
| C | A | R | 1 | 1 | 2 |    November 22, 2005        _____ |
|---|---|---|---|---|---|---|
                     Date                              Signature of Attorney/Party filing this form

MEDIATION REQUESTED:   ☐ YES   ☑ NO   ☐ UNDECIDED

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

THE ALABAMA DENTAL ASSOCIATION,           §
in an associational capacity on behalf of its   §
members, and LEW MITCHELL, D.M.D.,         §
and JEFFREY STOUDENMIRE, D.M.D.,           §
individually and on behalf of all others        §
similarly situated,                         §
                                           §
        Plaintiffs,                        §          CIVIL ACTION NO. CV-05-2986
                                           §
vs.                                        §
                                           §
BLUE CROSS AND BLUE SHIELD OF              §
ALABAMA, INC., et al.                      §
                                           §
        Defendants.                        §

## SUMMONS

        This service by certified mail of this summons is initiated upon the written request of Plaintiffs' attorney pursuant to the Alabama Rules of Civil Procedure.

        NOTICE TO:    BLUE CROSS and BLUE SHIELD OF ALABAMA, INC.
                      c/o A. Grey Till, Jr.
                      450 Riverchase Parkway East
                      Birmingham, Alabama 35244

        The Complaint which is attached to this summons is important and you must take immediate action to protect your rights. You are required to mail or hand deliver a copy of a written Answer, either admitting or denying each allegation in the Complaint to,

                      Mr. Clinton C. Carter
                      BEASLEY, ALLEN, CROW, METHVIN, PORTIS & MILES, P.C.
                      Post Office Box 4160
                      Montgomery, Alabama 36103-4160

the attorney for the Plaintiffs. THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS FROM THE DATE OF DELIVERY OF THIS SUMMONS AND COMPLAINT AS EVIDENCED BY THE RETURN RECEIPT, OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT. You must also file the original of your Answer with the Clerk of this Court within a reasonable time afterward.

                                    _____
                                    Circuit Clerk

DATED: __11/23/05__          tracking # 7160 3901 9849 1049 2555