UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2005 DEC 28  P 1: 08

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| THE ALABAMA DENTAL ASSOCIATION, in an associational capacity on behalf of its members, and LEW MITCHELL, D.M.D., and JAMES SANDERSON, D.M.D., individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BLUE CROSS AND BLUE SHIELD OF ALABAMA, INC., et al.,<br><br>Defendants. | CIVIL ACTION NO.<br><br>2:05CV1230-W |

## ANSWER

Defendant, Blue Cross and Blue Shield of Alabama, Inc. ("Blue Cross" or "Defendant"), without waiving its position that Plaintiffs failed to exhaust administrative remedies and that their claims are subject to binding arbitration, for its answer to Plaintiffs' Complaint, and each and every count and claim contained therein, says as follows:

## CLASS ACTION ALLEGATIONS

1. The allegations in paragraph 1 of the Complaint do not require an answer from Blue Cross, although Blue Cross denies that it has engaged in any wrongful or actionable conduct with respect to Plaintiffs or that Plaintiffs are entitled to recover under any of the claims or theories asserted in the Complaint.

2. The allegations in paragraph 2 of the Complaint do not require an answer from Blue Cross, although Blue Cross denies that it has engaged in any wrongful or actionable

conduct with respect to Plaintiffs or that Plaintiffs are entitled to recover under any of the claims or theories asserted in the Complaint.

3. Denied.

4. Denied.

5. Denied.

6. Blue Cross admits that the plaintiffs purport to bring this action on behalf of a class, but Blue Cross denies that certification of the class would be proper in this case.

7. Blue Cross denies that the requirements of Rule 23(a) and Rule 23(b) are satisfied in this case.

## STATEMENT OF THE PARTIES

8. Blue Cross denies that the Alabama Dental Association is a proper plaintiff in this case or that it has standing to bring any of the claims in this matter. Blue Cross further denies that the purported class members have been harmed by Blue Cross. Blue Cross lacks information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

9. Blue Cross admits that Plaintiff Mitchell is over the age of 19, resides in Etowah County, Alabama, and that he has received payments from Blue Cross pursuant to the terms of his contract with Blue Cross. Blue Cross denies the remaining allegations of this paragraph.

10. Blue Cross admits that Plaintiff Sanderson is over the age of 19, and that he resides in Shelby County, Alabama. Blue Cross denies the remaining allegations of this paragraph.

11. Blue Cross admits that it is a non-profit healthcare service corporation located at 450 Riverchase Parkway East, Birmingham, Alabama. Blue Cross further admits that it is an

Alabama corporation. Except as expressly admitted herein, the allegations of this paragraph are denied.

12.     The allegations in paragraph 12 of the Complaint do not require an answer from Blue Cross, although Blue Cross denies that it has engaged in any wrongful or actionable conduct with respect to Plaintiffs or that Plaintiffs are entitled to recover under any of the claims or theories asserted in the Complaint.

## STATEMENT OF THE FACTS

8.     (sic) Blue Cross admits that Plaintiffs provide dental services pursuant to either contract or as assignees of their patients' claims. Except as expressly admitted herein, the allegations in this paragraph are denied.

9.     Blue Cross admits that Plaintiffs provide dental services pursuant to either contract or as assignees of their patients' claims. Except as expressly admitted herein, the allegations in this paragraph are denied.

10.    Denied.

11.    Denied.

### Denial of Payment Requests Based Upon
### Cost Criteria Rather Than Coverage and Medical Necessity

12.    Denied.

13.    Denied.

### Downcoding and Bundling

14.    Denied.

15.    Denied.

16.    Denied.

17.    Denied.

18. Denied.

### Refusal to Recognize Modifiers

19. Denied.

20. Denied.

21. Denied.

### Intentional Delay of Payments

22. Denied.

23. Denied.

24. Denied.

25. Denied.

### Explanation of Benefits/Fraudulent Suppression

31. Blue Cross admits that Plaintiffs and the purported class members are provided with an explanation of benefits after a claim is evaluated. Except as expressly admitted herein, the allegations of this paragraph are denied.

32. Denied.

33. Denied.

### **COUNT ONE**

34. Blue Cross adopts and incorporates by reference its responses to all previous paragraphs.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

35. (sic) Denied.

36. Denied.

37. Denied.

38. Denied.

To the extent the unnumbered paragraph following paragraph 38 requires a response, denied.

## COUNT TWO

39. Blue Cross adopts and incorporates by reference its responses to all previous paragraphs.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

To the extent the unnumbered paragraph following paragraph 45 requires a response, denied.

## COUNT THREE

46. Blue Cross adopts and incorporates by reference its responses to all previous paragraphs.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

To the extent the unnumbered paragraph following paragraph 51 requires a response, denied.

## COUNT FOUR

52. Blue Cross adopts and incorporates by reference its responses to all previous paragraphs.

53. Blue Cross admits that Plaintiffs provide dental services pursuant to either contract or as assignees of their patients' claims. Except as expressly admitted herein, the allegations of this paragraph are denied.

54. Blue Cross admits that Plaintiffs provide dental services pursuant to either contract or as assignees of their patients' claims. Except as expressly admitted herein, the allegations of this paragraph are denied.

55. Denied.

56. Denied.

To the extent the unnumbered paragraph following paragraph 56 requires a response, denied.

## First DEFENSE

The Complaint fails to state any claim upon which relief may be granted.

## Second DEFENSE

Plaintiffs are not entitled to the remedies requested.

## Third DEFENSE

Plaintiffs agreed by contract to submit certain disputes with Blue Cross to binding arbitration and thus, are precluded from pursuing these claims in this Court.

## Fourth DEFENSE

Plaintiffs' claims, and those of others who they purport to represent, are barred by the failure to exhaust administrative remedies.

## Fifth DEFENSE

No wrongful conduct by Blue Cross has been the proximate cause of any damage to the Plaintiffs.

## Sixth DEFENSE

Venue of this action is improper. In the alternative, venue would be more appropriate and/or convenient in another forum.

## Seventh DEFENSE

Plaintiffs' claimed injuries and damages were caused by the acts and omissions of others for whom Blue Cross owes no legal responsibility.

## Eighth DEFENSE

Blue Cross denies each and every material allegation of the Complaint and requires strict proof thereof.

## Ninth DEFENSE

Plaintiffs' claims are barred by the doctrine of parol evidence and the Statute of Frauds.

## Tenth DEFENSE

Plaintiffs' claims are barred by the doctrines of payment, release and/or accord and satisfaction.

## Eleventh DEFENSE

Blue Cross denies that this action can be properly certified as a class action under Fed. R. Civ. P. 23.

## Twelfth DEFENSE

Fraud is an inappropriate claim for treatment in a class action Complaint.

### Thirteenth DEFENSE

Plaintiffs lack standing to assert these claims against Blue Cross.

### Fourteenth DEFENSE

Plaintiffs' claims are barred in whole or in part because Blue Cross at all times acted in good faith.

### Fifteenth DEFENSE

Plaintiffs' claims are barred, in whole or in part, because they have not sustained injury or damage as a result of the matters averred in the Complaint.

### Sixteenth DEFENSE

Plaintiffs failed to mitigate their damages.

### Seventeenth DEFENSE

Blue Cross avers that it did not participate in, authorize, ratify, or benefit from any alleged misrepresentations or wrongful acts that are asserted in the Complaint.

### Eighteenth DEFENSE

Blue Cross denies that the Plaintiffs reasonably or justifiably relied upon any alleged misrepresentation or omission by Blue Cross, or that the Plaintiffs were damaged as the proximate result of any alleged misrepresentation or omission.

### Nineteenth DEFENSE

Plaintiffs' claims are barred by the Statute of Limitations.

### Twentieth DEFENSE

Blue Cross asserts that an award of punitive damages in this case would violate the Constitution of the State of Alabama and the United States Constitution.

### Twenty-first DEFENSE

The claims of Plaintiffs for punitive damages cannot be sustained because an award of punitive damages under Alabama law subject to no predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount, on the amount of punitive damages that a jury may impose, would violate Blue Cross's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by the due process provisions of the Alabama Constitution.

### Twenty-second DEFENSE

The claims of Plaintiffs for punitive damages cannot be sustained, because an award of punitive damages under Alabama law by a jury that (1) is not provided a standard sufficient for determining the appropriateness, or the appropriate size, of a punitive damages award, (2) is not instructed on the limits on punitive damages imposed by the applicable principles of deterrence and punishment, (3) is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including the corporate status of a defendant, (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary as to damages permissible, and (5) is not subject to judicial review on the basis of objective standards, would violate Blue Cross's substantive and procedural due process and equal protection rights guaranteed by the Fourteenth Amendment to the United States Constitution and the double jeopardy clause of the Fifth Amendment as incorporated into the Fourteenth Amendment, and by the Alabama constitutional provisions providing for due process, equal protection, and guarantee against double jeopardy.

### Twenty-third DEFENSE

The claims of Plaintiffs for punitive damages cannot be sustained, because an award of punitive damages under Alabama law without proof of every element beyond a reasonable doubt would violate Blue Cross's substantive and procedural due process rights under the Fourteenth Amendment to the United States Constitution and under the due process provisions of the Alabama Constitution.

### Twenty-fourth DEFENSE

Any award of punitive damages based on anything other than Blue Cross's conduct in connection with the matters that are the subject of this lawsuit would violate the due process clause of the Fourteenth Amendment to the United States Constitution and the double jeopardy clause of the Fifth Amendment as incorporated into the Fourteenth Amendment and the Alabama constitutional provisions providing for due process and guarantee against double jeopardy, because any other judgment for punitive damages in this case cannot protect Blue Cross against impermissible multiple punishment for the same wrong.

### Twenty-fifth DEFENSE

Any award of punitive damages in this case would violate Blue Cross's rights under the substantive and procedural due process clause of the United States Constitution and of the Constitution of the State of Alabama; the excessive fines clauses of the Eighth Amendment to the United States Constitution; the contract clause of Article Two of the United States Constitution; the equal protection clause of the United States Constitution and the Constitution of the State of Alabama.

### Twenty-sixth DEFENSE

The Alabama punitive damage system, on its face and as applied, violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution. While the

Supreme Court of the United States perceived the system as constitutional in *Pacific Mutual Life Insurance Co. v. Haslip*, 499 U.S. 1 (1991), events subsequent to *Haslip* have shown that the system is wholly arbitrary, fundamentally unfair and utterly irrational in violation of due process. *See Armstrong v. Roger's Outdoor Sports, Inc.*, 581 So. 2d 414, 423 (Ala. 1991) (Maddox, J., dissenting); *Henderson v. Alabama Power Co.*, 627 So. 2d 878, 894-95 (Ala. 1993) (Maddox, J., dissenting); Id. at 914 (Houston, J., dissenting). The Alabama system affords juries standardless discretion to impose unlimited punishment, and review of such awards is constitutionally deficient. *See Honda Motor Co., Ltd. v. Oberg*, 114 S. Ct. 2331 (1994). Alabama post-verdict review is neither meaningful, consistent nor constitutionally adequate to cure this crucial constitutional defect.

**Twenty-seventh DEFENSE**

The Alabama punitive damage system, on its face and as applied, violates the Due Process Clause of the Fourteenth Amendment because there are absolutely no meaningful standards or limits for determining the amount of the award, contravening the deeply rooted American tradition that punishment may not be imposed in the absence of a pre-existing, express legislatively established range of penalties.

**Twenty-eighth DEFENSE**

The imposition of a punitive damage award in this case in the absence of explicit, particularized guidelines or standards is highly unfair and constitutionally infirm because an award made in the absence of such guidelines or standards may be grossly excessive, disproportionate, arbitrary and irrational. A punitive damage award in the absence of such guidelines or standards will bear no rational or reasonable relationship to this defendant's alleged conduct in this matter or to any alleged harm to Plaintiff, and will dwarf legislatively established fines for comparable conduct. A punitive damage award in the absence of such guidelines or

standards therefore will violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution, and the excessive fines clause of the Alabama Constitution, Ala. Const. Art. I, § 15.

### Twenty-ninth DEFENSE

Without the protections previously provided in §§ 6-11-23(a) and 6-11-24, Code of Alabama regarding punitive damage awards, now declared unconstitutional by the Alabama Supreme Court, the State of Alabama no longer affords to a defendant sufficient protection under the United States Constitution from excessive and arbitrary punitive damage awards.

### Thirtieth DEFENSE

Without the protections previously provided in Sections 6-11-23(a) and 6-11-24, of the Code of Alabama (1993), regarding punitive damages awards, now declared unconstitutional by the Alabama Supreme Court, the State of Alabama no longer affords to a defendant a sufficient protection under the United States Constitution from excessive and arbitrary punitive damages awards.

### Thirty-first DEFENSE

The imposition of punitive damages in this case based upon theories of respondeat superior, agency, vicarious liability, or joint and several liability violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

### Thirty-second DEFENSE

The Alabama system and structure for punitive damage awards, together with the claims for punitive damages sought by Plaintiffs in this lawsuit, constitute a violation of the due process clause of the Constitution of the United States, under authority of *B.M.W. of North America, Inc. v. Gore*. The allegations made by Plaintiff in this action, and the Plaintiffs' claims for punitive

damages generally, and under the Alabama system specifically, constitute inadequate notice to Blue Cross so as to deprive Blue Cross of due process of law.

### Thirty-third DEFENSE

The Complaint fails to allege a claim for which punitive damages can be recovered.

### Thirty-fourth DEFENSE

The damages sought by the named Plaintiffs on behalf of the alleged class cannot be recovered without specific proof by each alleged class member that they have been injured.

### Thirty-fifth DEFENSE

Blue Cross denies that it or any of its agents breached any duty or obligation allegedly owed to the Plaintiffs or that it or any of its agents misrepresented any material fact to the Plaintiffs or that it or any of its agents have omitted to state any material fact to the Plaintiffs. To the extent Plaintiffs' Complaint attempts to state a claim for fraud, the Complaint fails to comply with Rule 9 of the Federal Rules of Civil Procedure, and does not give sufficient notice of the circumstances surrounding any alleged fraud. Accordingly, Blue Cross reserves the right to file a Motion for More Definite Statement.

### Thirty-sixth DEFENSE

The named Plaintiffs have failed to satisfy the prerequisites for class certification and, therefore, cannot represent the interests of others.

### Thirty-seventh DEFENSE

Blue Cross denies each and every material allegation of the Complaint as they relate to the request for class certification, and hereby objects to any such class action certification on the following grounds: (1) Lack of numerosity; (2) Lack of commonality of questions of law; (3) Lack of commonality of questions of fact; (4) Lack of typicality; and (5) Lack of adequacy of representation.

### Thirty-eighth DEFENSE

The named Plaintiffs are not proper class representatives.

### Thirty-ninth DEFENSE

There has been no class-wide damage and no damage to the named Plaintiffs.

### Fortieth DEFENSE

Blue Cross reserves its right to assert any additional defenses that may arise as discovery progresses or otherwise in the course of this litigation. Blue Cross hereby specifically denies any allegations contained in the Complaint and that were not expressly admitted herein.

_____
One of the Attorneys for Defendant
Blue Cross and Blue Shield Of Alabama

OF COUNSEL:
Jere F. White, Jr.
William H. Brooks
Terrence W. McCarthy
LIGHTFOOT, FRANKLIN & WHITE, L.L.C.
The Clark Building
400 North 20th Street
Birmingham, Alabama 35203-3200
(205) 581-0700
(205) 581-0799 (fax)


James L. Priester
Edward A. Hosp
Alvin L. Fox, Jr.
Grace Robinson
MAYNARD, COOPER & GALE, P.C.
1901 6th Avenue North
Suite 2400
Birmingham, Alabama 35203-2618
(205) 254-1000
(205) 254-1999 (fax)

## CERTIFICATE OF SERVICE

  This is to certify that on this 28<u>th</u> day of <u>December</u>, 2005, a true and correct copy of the foregoing Answer was served on counsel of record by depositing a copy of the same in the United States Mail, postage prepaid and properly addressed to the following:

Jere L. Beasley
W. Daniel "Dee" Miles, III
Clinton C. Carter
BEASLEY, ALLEN, CROW, METHVIN, PORTIS & MILES, P.C.
Post Office Box 4160
Montgomery, Alabama 36103-4160

McCALLUM, METHVIN & TERRELL, P.C.
2201 Arlington Avenue South
Birmingham, Alabama 35205

McCALLUM, HOAGLUND, COOK & IRBY, LLP
2062 Columbiana Road
Vestavia Hills, Alabama 35216-2147

_____
Of Counsel