# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| THE ALABAMA DENTAL ASSOCIATION, in an associational capacity on behalf of its members, and LEW MITCHELL, D.M.D., and JAMES SANDERSON, D.M.D., individually and on behalf of all others similarly situated, | )<br>)<br>)<br>)<br>)<br>) |
| Plaintiffs, | )   CIVIL ACTION NO. 2:05-CV-1230-W |
| v. | )<br>) |
| BLUE CROSS AND BLUE SHIELD OF ALABAMA, INC., et al., | )<br>)<br>) |
| Defendants. | ) |

## MOTION TO DISMISS

Defendant, Blue Cross and Blue Shield of Alabama, Inc. ("Blue Cross" or "Defendant"), hereby moves to dismiss the claims brought by Plaintiff, The Alabama Dental Association. As grounds for this motion, Blue Cross shows the Court as follows:

1. The Alabama Dental Association ("ALDA") seeks to bring this class action against Blue Cross on behalf of certain members of the ALDA, even though ALDA itself has no contracts with Blue Cross, has not been paid money by Blue Cross, and has not identified any misrepresentations that Blue Cross allegedly made to it and upon which the ALDA (and not its individual members) allegedly relied. Plaintiffs have asserted claims for fraud, suppression, unjust enrichment, and breach of contract, and purport to seek compensatory damages, punitive damages, and injunctive relief. See Complaint ¶¶ 2 & 3. The complaint alleges that Blue Cross improperly reimburses the ALDA members for insurance claims that are made for professional

services performed. The ALDA must be dismissed because it lacks standing to bring these claims.

2. An association has standing to bring a lawsuit on behalf of its members only when each of the following factors are met: "(1) its members must otherwise have standing to sue in their own right; (2) the interests it seeks to protect must be germane to the organization's purpose; and (3) neither the claim asserted nor the relief requested must require the participation of the association's individual members." Region 8 Forrest Service Timber Purchase Timbers Counsel v. Alcock, 993 F.2d 800, 805 n. 3 (11th Cir. 1993) (citing Hunt v. Washington Advertising Comm'n, 432 U.S. 333, 343 (1977)); see also Bama Budweiser of Montgomery, Inc. v. Anheuser-Busch, Inc., 783 So. 2d 792, 795 (Ala. 2000). The ALDA, as the plaintiff, has the burden of proving that it has standing to bring these claims on behalf of its members. Valley Forge Christian College v. Americans United for Separation of Church and State, Inc., 454 U.S. 464, 472 (1982); Harvey v. Veneman, 396 F.3d 28, 34 (1st Cir. 2005).

3. The ALDA lacks standing to sue on behalf of its members because the claims asserted and the relief requested in the complaint "require the participation of the association's individual members." Region 8, 993 F.2d at 805 n. 3. Indeed, an association does "not enjoy standing to seek damages for monetary injuries peculiar to individual members where the fact and extent of injury will require individualized proof." Self-Insurance Institute of American, Inc. v. The Karioth, 53 F.3d 694, 695-96 (5th Cir. 1996) (citing Warth v. Seldin, 422 U.S. 490, 515-16 (1975)).

4. Here, the ALDA does not have standing because it would be impossible to litigate this case without the participation of the ALDA members. Determining liability and damages will require individualized proof from each ALDA member regarding which insurance claims

were not timely and properly paid by Blue Cross. Each individual dentist will need to be involved and provide the specific information about payments and reimbursements. See e.g., Committee of Blind Vendors v. District of Columbia, 695 F. Supp. 1234, 1238-39 (D.D.C. 1988) (held no standing for association when seeking damages for breach of contract). The fact that the plaintiffs have asserted a fraud claim in this case makes it even more necessary for the individual members to participate. Under Alabama law, a fraud claim requires proof that a misrepresentation was made to a plaintiff and reliance by that plaintiff. Crowne Investments, Inc. v. Bryant, 638 So. 2d 873, 876- 77 (Ala. 1994). This is an individualized inquiry. See e.g., Vietnam Veterans of America, Inc. v. Guerdon Indus., 644 F. Supp. 951, 956 (D. Del. 1986) (damages in fraud case will require proof unique to each member). The ALDA cannot, as an association, prove these elements for its members.[1] Accordingly, there is no standing for the ALDA.

  5. Moreover, the fact that the complaint seeks monetary damages further shows that the ALDA does not have standing in this case. Indeed, "no federal court has allowed an association standing to seek monetary relief on behalf of its members." United Union of Roofers, Waterproofers & Allied Traders No. 40 v. Insurance Corp. of America, 919 F.2d 1398, 1400 (9th Cir. 1990). The rationale for this rule is obvious, as "[t]he courts that have addressed this issue have consistently held that claims for monetary relief necessarily involve individualized proof and thus the individual participation of association members, thereby running afoul of the third prong of the Hunt test." Id. See also, Sanner v. Board of Trade of City of Chicago, 62 F.3d 918, 923 (7th Cir. 1995) ("allowing [the association] to proceed on behalf the

---

[1] For this same reason, courts consistently hold that fraud claims like those asserted here are not appropriate for class treatment. Mack v. General Motors Acceptance Corporation, 169 F.R.D. 671, 678-79 (M.D. Ala. 1996) (holding that class action was not superior method for adjudicating fraud claims).

3

individual [members] would run afoul of Hunt's third prong . . . ."); United Steelworkers of America, AFL-CIO v. University of Alabama, 599 F.2d 56, 59 (5th Cir. 1979) ("Thus, to obtain relief in damages, each member of [the association] who claims injuries as a result of respondents' practices must be a party to the suit, and [the association] has no standing to claim damages on his behalf.") (quoting Warth v. Seldin, 422 U.S. 490 (1975)); Ochsner Health Plan v. Norton La. Physician Hospital Org., Inc., No. Civ. A. 01-2601 2002 WL 31844903 (E.D. La. December 16, 2002) ("Nevertheless, NLPHO may not bring a lawsuit on behalf of its members to recover unpaid claims because doing so requires individualized proof of amounts owed. Because claims for damages require a high level of individualized participation, they fail to meet the third prong of the Hunt analysis.").

6. The fact that the ALDA also purports to seek injunctive relief does not change the standing analysis, nor does it permit the Court to ignore the fact that the plaintiffs are actually only seeking monetary damages. If that were the case, an association could always manufacture standing simply by asserting a claim for injunctive relief, even when the complaint seeks monetary relief as well. That is not the law. In any event, courts have routinely held that an association does not "automatically satisf[y] the third prong of the Hunt test simply by requesting equitable relief rather than damages. The organization lacks standing to assert claims of injunctive relief on behalf of its members where 'the fact and extent' of the injury that gives rise to the claims for injunctive relief 'would require individualized proof.'" Bano v. Union Carbide Corp., 361 F.3d 696, 714 (2nd Cir. 2004) (quoting Warth, 422 U.S. at 515-15). Such is the case here.

7. The recent case of Medical Society of New Jersey v. AmeriHealth HMO, Inc., 868 A.2d 1162 (N.J. Super. 2005) is virtually indistinguishable from this case and is instructive

4

on the associational standing issue when injunctive relief is allegedly sought. In Medical Society, an association of physicians brought various claims against a health insurer for declaratory and injunctive relief, alleging that the health insurer delayed or reduced payments to the contracting physicians for services performed on the insureds that were medically necessary. The trial court held that the association lacked standing under the third prong of the associational standing test set forth in Hunt, and the New Jersey Superior Court affirmed. The court quoted with approval the following language from the trial court in holding that the case required the individual participation by the association members:

> The association, however, has not satisfied the third prong of the test, which requires that neither the claim asserted, nor the relief requested require the individual participation of the members of the lawsuit. The breach of contract and good faith claims Plaintiff seeks to add here arise as a result of contracts entered into by member physicians and AmeriHealth that [the association] was not a party to . . . . It is simply not possible for [the association] to prove these claims without the individualized participation of its member physicians. In order to provide proof of the claims alleged, Plaintiff would be required to consult with each physician who entered into a contract with AmeriHealth in order to receive specific factual information with regard to payment and reimbursement. Thus, individual doctors would be required to participate in the lawsuit and Plaintiff cannot satisfy the third prong of the Hunt analysis.

Id. at 1166.

8.   This case presents an even stronger case for the lack of associational standing than Medical Society. Perhaps most importantly, in addition to seeking injunctive relief, the complaint in this case seeks monetary damages, unlike the association in Medical Society which sought only declaratory and injunctive relief. Further, from the face of the complaint in this case, there is no allegation that Blue Cross has ever had a contract with the ALDA, much less an allegation that Blue Cross breached a contract with the ALDA. Similarly, there is no allegation in the complaint that Blue Cross suppressed any information or made any misrepresentations to

the ALDA. Rather, the allegations in the complaint apply only to the individual dentists who claim that they have not been properly reimbursed by Blue Cross. Thus, to the extent any claims exist, they belong to the dentist members – not the ALDA. It is the dentists – not the ALDA -- who allegedly are not being reimbursed for services performed in the manner in which they are entitled to. The face of the complaint shows that the ALDA has no claim against Blue Cross, and the claims alleged make it obvious that this lawsuit cannot proceed without the involvement of the individual members, whether the relief sought is injunctive or not. Accordingly, the ALDA lacks standing and must be dismissed from this case.[2]

9.  It also should be noted that the only claim in the complaint in which injunctive relief is sought is Count Three, which is a claim for unjust enrichment. To the extent that Blue Cross has allegedly been unjustly enriched, though, it would necessarily have been at the expense of the individual dentists, and not the ALDA. There is no allegation, nor could there be, that Blue Cross is in possession of any monies rightfully belonging to the ALDA. Clearly, the ALDA lacks standing to bring a claim for unjust enrichment, regardless of whether that claim is mischaracterized as one for injunctive relief or not.

10. Finally, according to the Alabama Supreme Court, "[b]ecause unjust-enrichment claims are fact specific to each case, this Court has repeatedly held that such claims are unsuitable for class-action treatment." Avis Rent A Car Systems, Inc. v. Heilman, 876 So. 2d

---

[2] For these same reasons, it should be noted that it is not proper to have the ALDA as a named plaintiff representing a class of its members. Wooden v. Board of Regents of University System of Georgia, 247 F.3d 1262, 1287 (11th Cir. 2001) ("It should be obvious that there cannot be adequate typicality between a class and a named representative unless the named representative has individual standing to raise the legal claims of the class."); Ex parte Exida Corp., 678 So. 2d 773, 777 (Ala. 1996) ("if the named plaintiff seeking to represent the class fails to establish the requisite case or controversy, he may not seek relief on his behalf or on behalf of the class").

1111, 1123 (Ala. 2003) (citations omitted).  Indeed, unjust enrichment claims based on fraud, as is the case here, require an "individualized inquiry into the state of mind of each plaintiff."  Funliner of Alabama, L.L.C. v. Pickard, 873 So. 2d 198, 211 (Ala. 2003).  Further, a claim for unjust enrichment is nothing more than another way to bring a claim for monetary damages.[3]  As described above, this necessarily requires an individualized inquiry as to each class member.  See Funliner, 873 So. 2d at 209 ("As damages, the plaintiffs seek to recover the money they claim was unjustly paid to the defendants.  Again, the plaintiffs seek to recover monetary damages and must establish their damages on an individual basis.").  Because the unjust enrichment claim requires an individualized inquiry as to each plaintiff, the ALDA lacks standing under the third prong of the Hunt analysis.

## CONCLUSION

Wherefore, Blue Cross respectfully requests that the Alabama Dental Association be dismissed as a plaintiff in this case.

s/ James L. Priester
One of the Attorneys for Defendant
Blue Cross and Blue Shield Of Alabama

OF COUNSEL:
Jere F. White, Jr.
William H. Brooks
Terrence W. McCarthy
LIGHTFOOT, FRANKLIN & WHITE, L.L.C.
The Clark Building
400 North 20th Street

---

[3] In fact, according to the complaint, the sole basis for the unjust enrichment claim is the alleged "retention of the money gained through deceptive practices . . ." Complaint, ¶ 49.  Obviously, by bringing this claim, the plaintiffs are seeking money.

Birmingham, Alabama  35203-3200
(205) 581-0700
(205) 581-0799 (fax)


James L. Priester
Edward A. Hosp
Grace Robinson
MAYNARD, COOPER & GALE, P.C.
1901 6th Avenue North
Suite 2400
Birmingham, Alabama  35203-2618
(205) 254-1000
(205) 254-1999 (fax)


## CERTIFICATE OF SERVICE

      This is to certify that on this 18th day of January, 2006, a true and correct copy of the foregoing was served on counsel of record by depositing a copy of same in the United States Mail, postage prepaid, properly addressed to

      Jere L. Beasley
      W. Daniel "Dee" Miles, III
      Clinton C. Carter
      BEASLEY, ALLEN, CROW, METHVIN,
        PORTIS & MILES, P.C.
      Post Office Box 4160
      Montgomery, AL  36103-4160

      McCALLUM, METHVIN & TERRELL, P.C.
      2201 Arlington Avenue S.
      Birmingham, AL  35205

      McCALLUM, HOAGLUND, COOK & IRBY, LLP
      2062 Columbiana Road
      Vestavia Hills, AL  35216-2147


                                    s/ James L. Priester_____
                                    Of Counsel