**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | |
|---|---|
| THE ALABAMA DENTAL ASSOCIATION, )<br>in an associational capacity on behalf of its )<br>members, and LEW MITCHELL, D.M.D., )<br>and JAMES SANDERSON, D.M.D., )<br>individually and on behalf of all others )<br>similarly situated, )<br> )<br>  Plaintiffs, )<br> )<br>v. )<br> )<br>BLUE CROSS AND BLUE SHIELD OF )<br>ALABAMA, INC., et al., )<br> )<br>  Defendants. | CIVIL ACTION NO. 2:05-CV-1230-W |

<u>MOTION TO TRANSFER VENUE TO THE NORTHERN DISTRICT OF ALABAMA</u>

COMES NOW Blue Cross and Blue Shield of Alabama ("Blue Cross") and respectfully moves this Court to transfer this case to the U.S. District Court for the Northern District of Alabama. This case should be transferred to the Northern District under 28 U.S.C. §1404 for the convenience of parties and witnesses and in the interest of justice.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Plaintiffs sued Blue Cross on November 22, 2005. All proper parties to this action are residents of the Northern District of Alabama: (1) Dr. Lew Mitchell is a resident of Etowah County, Alabama which is in the Northern District (Complaint at ¶ 9); (2) Dr. James Sanderson is a resident of Shelby County, Alabama which is in the Northern District (Complaint at ¶ 10); and (3) Defendant Blue Cross is a domestic corporation with its principal place of business in Birmingham, Alabama. <u>See</u> Secretary of State of the State of Alabama Corporate Details information attached hereto as Exhibit "1". The only ostensible plaintiff who is not a resident

1

of the Northern District is the Alabama Dental Association whose principal place of business is located in Montgomery County, Alabama[1].  Complaint at ¶ 8.

Plaintiffs originally filed this action in the Circuit Court of Montgomery County, Alabama.  Blue Cross timely removed this case to the United States District Court for the Middle District of Alabama on December 27, 2005[2].  Plaintiffs allege in their Complaint that Blue Cross (1) fraudulently misrepresented that Alabama dentists would be paid for rendering covered dental services and failed to disclose that instead of using dental coverage as the criteria for making payment decisions, Blue Cross "secretly used cost-based or other actuarial criteria." (Complaint at ¶¶ 35, 37); (2) fraudulently suppressed and/or failed to disclose that they have "implemented systematic claims processes" and the "true nature and underlying facts relating to the claims processes" and suppressed "the manner in which they actually process requests for payment" (Complaint at ¶¶ 40-43); (3) engaged in "unlawful, unfair or fraudulent business practices" resulting in unjust enrichment (Complaint at ¶¶ 47-48); and (4) breached contracts with providers by "engaging in a practice designed to systematically deny, delay, and diminish payments to Plaintiffs."  (Complaint at ¶¶ 53-55).  All of these allegations of wrongdoing on the part of Blue Cross involved individual dentists.  There are no allegations in the Complaint that Blue Cross made any representations to the Association on which the Association relied, or that the Association entered into any contracts with Blue Cross that have been breached, or that the Association has been damaged in any way.

---

[1] Blue Cross is filing contemporaneously herewith a Motion to Dismiss the Alabama Dental Association as an improper party.  See Motion to Dismiss.  The success of that motion enhances the arguments in favor of transfer; even if the Motion to Dismiss is not granted, however, there are ample reasons to order transfer.

[2] Although to date no Motion to Remand has been filed in this case, this Court clearly is permitted to rule on a pending Motion to Transfer before considering a remand motion.  In Gould v. Nat'l Life Ins. Co., Judge Albritton transferred a case without ruling on a pending motion to remand.  990 F.Supp. 1354, 1362-63 (M.D. Ala. 1998).

## ARGUMENT

I.    **UNDER §1404(a), THE NORTHERN DISTRICT OF ALABAMA IS THE BETTER FORUM FOR THIS ACTION**

Blue Cross seeks transfer under the authority of §1404(a), which provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any action to any other district or division where it might have been brought.

The purpose of §1404(a) is to avoid wasting time, energy, and money and, in addition, to safeguard parties, witnesses and the public against avoidable inconvenience and expense. Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26, 33 (1998).

The question of whether to transfer venue under §1404(a) involves a two-pronged inquiry.  C.M.B. Foods, Inc. v. Corral of Middle Georgia, 396 F.Supp.2d 1283, *6 (M.D. Ala. 2005).  First, the proposed transferee venue must be one in which the plaintiff could have originally brought the action.  Id.  The second prong requires the Court to analyze and balance certain factors to determine if a transfer is warranted "for the convenience of the parties and in the interest of justice."  Id.

A.    **The Instant Action Could Have Been Brought in the Northern District of Alabama**

The threshold consideration for a §1404 motion to transfer is whether the plaintiffs could have originally brought the action in the desired transferee district.  Meterlogic, Inc. v. Copier Solutions, Inc., 185 F.Supp.2d 1292, 1299 (S.D. Fla. 2002).  Venue of actions in federal district courts is controlled by 28 U.S.C. §1391 which provides, in relevant part:

> (b) A civil action wherein jurisdiction is not founded solely on diversity of citizenship[3] may … be brought only in (1) a judicial

---

[3] This case was properly removed to federal court based both on Federal Officer Removal jurisdiction pursuant to 28 U.S.C. §1442(a)(1), and federal question jurisdiction under both the Federal Employees Health Benefit Act ("FEHBA"), 5 U.S.C. §§8901-8914, and the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §1001, et seq.  See Notice of Removal I and II.

> district where any defendant resides, if all defendants reside in the
> same State, [or] (2) a judicial district in which a substantial part of
> the events or omissions giving rise to the claim occurred … or (3)
> a judicial district in which any defendant may be found, if there is
> no district in which the action may otherwise be brought.

For purposes of determining questions of venue, corporate defendants are deemed to reside in any judicial district in which they are subject to personal jurisdiction. 28 U.S.C. §1391(c). When determining whether venue is proper under §1391(b)(2), courts look first at what events gave rise to a plaintiff's claim and focus on the actions of the defendant, not of the plaintiff. McDaniel v. IBP, Inc., 89 F.Supp.2d 1289, 1294 (M.D. Ala. 2000).

The presence of Dr. Mitchell, Dr. Sanderson and Blue Cross in the Northern District simplifies this analysis. First, the sole defendant, Blue Cross, is deemed to reside in the Northern District per §1301(c) and thus §1391(b)(1) is satisfied. Second, even a cursory review of Plaintiffs' Complaint demonstrates that a substantial part of the alleged events and omissions giving rise to the claim occurred in the Northern District of Alabama. Plaintiffs allege that Blue Cross has breached contracts between Blue Cross and individual dentists. The impact of any alleged breach of contract would occur in the dentists' offices, Etowah County for Dr. Mitchell and Shelby County for Dr. Sanderson. In addition, any fraudulent scheme designed by Plaintiffs to misrepresent or suppress Blue Cross' claims processing system would have originated in Jefferson County at Blue Cross' headquarters. See McDaniel v. IBP, Inc., 89 F.Supp.2d 1289, 1295 (M.D. Ala. 2000)(when plaintiffs challenge a uniform pattern of fraud, court should look to where the alleged fraud was devised to determine where "substantial part of events" occurred); Gould, 990 F.Supp. at 1359. Likewise any unlawful, unfair or fraudulent business practices on the part of Blue Cross would have occurred in the Northern District at Blue Cross' headquarters. Thus, venue of this action is proper in the Northern District of Alabama under either §1391(a)(1) or (a)(2).

**B.    The Balance of Factors, including a Pending Case against the Same Defendant involving Similar Jurisdictional Issues, Compels Transfer to the Northern District of Alabama**

The purpose of 28 U.S.C. §1404(a) is to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense. Van Dusen v. Barrack, 376 U.S. 612, 84 S. Ct. 805 (1964). A district court may properly transfer a case to "the forum in which judicial resources could most efficiently be utilized and the place in which the trial would be most 'easy, expeditious and inexpensive.'" Patel v. Howard Johnson Franchise Systems, Inc., 928 F.Supp. 1099, 1101 (M.D. Ala. 1996). The decision to transfer a pending case is committed to the sound discretion of the district court. Van Dusen, 376 U.S. at 616, 84 S. Ct. at 809.

After determining whether the action could have been brought in the transferee district, a district court must decide whether the balance of convenience favors transfer. Johnston v. Foster-Wheeler Constr., Inc., 158 F.R.D. 496, 504 (M.D. Ala. 1994). The Middle District of Alabama has identified a number of factors to consider in determining whether a § 1404 transfer is warranted:

(1)  the plaintiff's choice of forum;

(2)  the convenience of the parties;

(3)  the convenience of the witnesses, and the availability of witnesses through compulsory process;

(4)  the location of documents and other sources of proof;

(5)  the relative ability of the parties to bear the expense of changing the forum; and

(6)  trial efficiency and expense to the justice system

Gould v. Nat'l Life Ins. Co., 990 F.Supp. 1354, 1357 (M.D. Ala. 1998); see also Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508, 67 S. Ct. 839, 843 (1947).

1.     Plaintiff's choice of forum is entitled to less deference both because this is a class action and also because the operative facts underlying the causes of action did not occur in the chosen forum.

Although a plaintiff's choice of forum is generally afforded considerable deference by a court, in this instance Plaintiffs' choice of forum should be entitled to less deference for two reasons: (1) because this is a class action; and (2) the operative facts underlying the causes of action in Plaintiffs' Complaint did not occur in the Middle District.  The Middle District has held that this deference is significantly lessened in class action cases.  Gould, 990 F.Supp. at 1358 ("Plaintiff's choice of forum is entitled to less deference when the action is one brought on behalf of a class of persons similarly situated…"); see also Hoffman v. Medquist, Inc., 2005 U.S. Dist. LEXIS 29995, *6 n.1 (N.D. Ga. Nov. 16, 2005).  In this action, Plaintiffs have defined their class to encompass dentists from across the state, likely from all three federal districts in Alabama.  The proposed class representatives, however, both reside in the Northern District. Therefore, the Middle District poses no particular nexus to the class members or the class representatives and this factor should argue in favor of transfer.

Additionally, a plaintiff's choice of forum is also entitled to less consideration when the operative facts underlying the cause of action occurred elsewhere.  Gould, 990 F. Supp. at 1358; A.J. Taft Coal Co., Inc. v. Barnhart, 291 F.Supp.2d 1290, 1310 (N.D. Ala. 2003).  A federal case from Georgia, Hoffman v. Medquist, Inc., is instructive on this topic.  2005 U.S. Dist. LEXIS 29995 (N.D. Ga. 2005).  In that case, the plaintiffs argued they had been "systematically and wrongfully underpaid for [services] as a result of a fraudulent scheme conceived and conducted by" the defendant.  Id. at *7.  The specific allegations concerned the defendant's manipulation of

software to "undercount" reimbursements to the plaintiffs and use of internal procedures to conceal the actual methods employed to determine reimbursements. Id. at *2-3. The court held that the operative facts underlying the plaintiffs' causes of action, which included fraud, unjust enrichment and breach of contract, all radiated from the conduct of the company and any alleged fraudulent scheme was devised by officers and directors of the Company at its headquarters. Id. at *14. Similar to Hoffman, the gravamen of the Plaintiffs' Complaint in the instant action is that Blue Cross manipulated automated systems to diminish the amount of reimbursements to providers and engaged in a fraudulent scheme to conceal that fact from dentists. These alleged wrongful acts would have occurred at Blue Cross' headquarters in Jefferson County. As it is clear that the Northern District is the forum most closely tied to the facts underlying the causes of action in this case, plaintiff's initial choice of forum should be further discounted.

2.    With all proper parties to this case residing in the Northern District of Alabama, the cost of attendance for willing witnesses and access to sources of proof are more convenient in the Northern District.

"The residence of the majority of material principal witnesses is an important factor to consider when passing on a motion to transfer under §1404(a)." Folkes v. Haley, 64 F.Supp.2d 1152, 1155 (M.D. Ala. 1999). As admitted in Plaintiff's Complaint, both Dr. Mitchell and Dr. Sanderson reside in the Northern District. The federal courthouse in Birmingham is geographically closer to their residences in Etowah and Shelby counties than the courthouse in Montgomery. Blue Cross is similarly geographically located within the Northern District as its principal place of business is in Jefferson County. The only current party to this action who does not reside in the Northern District is the Alabama Dental Association. The Association has not alleged that it had any contract with Blue Cross or that any representations were made by Blue Cross upon which it relied. It is doubtful then that the Association can provide any relevant

evidence in this case.  While Blue Cross believes this Association should be dismissed, even if this Court decides that the Association should remain a party to this action, it serves merely as a trade association for its members who are dentists from across the state.  All proper parties to this action reside in the Northern District[4].

The Northern District clearly is the center of this litigation.  As the alleged conduct creating liability in this case occurred at Blue Cross' headquarters in Jefferson County, pertinent documents and other sources of proof relevant to demonstrating the alleged fraudulent scheme will be located in the Northern District.  See also Hoffman, 2005 US Dist LEXIS 29995 at *14; Moghaddam v. Dunkin Donuts, Inc., 2002 U.S. Dist. LEXIS 14952, *11 (S.D. Fla. Aug. 13, 2002); Folkes, 64 F.Supp.2d at 1155.  Second, to the extent relevant documents exist at the offices of class members, they would be dispersed throughout the state, thus this factor should not argue against transfer to the Northern District.

With respect to the fourth factor listed in Gould, the relative ability of the parties to bear the expense of changing the forum, as stated previously, the relevant parties to this action all reside in the Northern District.  Therefore, changing the forum to the Northern District would not result in any undue expense and in fact it would be less expensive for them to travel for the suit.  Out of the three law firms representing Plaintiffs, two reside in the Northern District and only one resides in Middle District.  Furthermore, of the factors considered on a transfer motion, the location of counsel is entitled to the least consideration.  Meterlogic, Inc. v. Copier Solutions, Inc., 185 F.Supp.2d 1292, 1304 (S.D. Fla. 2002).  With two of the law firms representing

---

[4] It is premature at this stage of the litigation to speculate whether unwilling witnesses will need to be subpoenaed for testimony or trial.  Under Fed. R. Civ. P. 45, however, compulsory process should be available for any such witnesses as all parties reside in the state and the one hundred (100) mile radius extending from Birmingham would encompass most residences of Blue Cross employees and arguably more non-party witnesses than Montgomery as Birmingham is more centrally located in the state.

plaintiffs, the properly named plaintiffs and potential class representatives all residing in the Northern District, however, this factor should tilt in favor of transfer.

Transfer of this case will promote the most efficient, expeditious and inexpensive utilization of judicial resources. As an initial matter, access to sources of proof, availability of compulsory process for attendance of unwilling witnesses, and the cost of attendance for willing witnesses is more convenient in the Northern District.

      3.   <u>Judicial resources will be more efficiently and effectively used by transferring this case to the Northern District</u>

Beyond this, however, "trial efficiency and expense to the justice system", the last factor, mandates transferring this case to the Northern District to be heard with an analogous action pending before Judge Bowdre. In determining whether to transfer actions, courts generally give great weight to the pendency of another action that can be consolidated with the action-to-be-transferred so as to achieve judicial economy and avoid piece-meal litigation and possible inconsistent results. <u>See</u>, <u>e.g.</u> <u>Hoffman v. Medquist, Inc.</u>, 2005 U.S. Dist. LEXIS 29995, *5-6 (N.D. Ga. Nov. 16, 2005); <u>Liggett Group Inc. v. R.J. Reynolds Tobacco Co.</u>, 102 F.Supp.2d 518, 539 (D.N.J. 2000) (holding that the presence of a related case in the transferee district supports transfer, even if the related case was not identical: "While it appears these cases are not candidates for consolidation, it appears transferring this litigation to the proposed forum may well prevent the needless loss of time, expense and resources of parties."); <u>Meterlogic, Inc. v. Copier Solutions, Inc.</u>, 185 F.Supp.2d 1292, 1302 (S.D. Fla. 2002) ("Transfer is appropriate because both courts must consider the same underlying issues.") Some courts within the Eleventh Circuit have even indicated this factor may be more important than the three set out in §1404(a). <u>Mirasco, Inc. v. American Nat'l Fire Ins. Co.</u>, 2000 U.S. Dist LEXIS 19461, *15 (N.D. Ga. July 5, 2000). In fact, the possibility of consolidation of the case at bar with a case

pending in the Northern District of Alabama is *ipso facto* sufficient to warrant transfer.  <u>See</u> <u>Maxlow v. Leighton</u>, 325 F.Supp. 913, 915-16 (E.D. Pa. 1971) (§1404(a) authorized transfer where the only reason for transfer is to enable consolidation with another case pending in the transferee district); <u>see</u> <u>also</u> <u>Coffey v. Van Dorn Iron Works</u>, 796 F.2d 217, 221 (7th Cir. 1986) ("[R]elated litigation should be transferred to a forum where consolidation is feasible.").

There is currently pending before the United States District Court for the Northern District of Alabama, Southern Division, another provider class action against Blue Cross: <u>Paul Howard, M.D. v. Blue Cross Blue Shield of Alabama</u>, Civil Action No. 2:05-BE-1894-S (N.D. Ala. 2005).  The Northern District has already invested judicial resources in deciding a motion to remand involving one of the same jurisdictional bases as the instant action.  U.S. District Judge Karon Bowdre recently encountered issues of Federal Officer Removal involving the same Blue Cross Service Benefit Plan in <u>Howard</u>.  <u>See</u> <u>Howard</u> Order dated November 22, 2005 (attached hereto as Exhibit "2").  After extensive briefing and oral argument, Judge Bowdre is now fully familiar with the principal legal issues that will arise in determining the proper jurisdictional posture of this case.  In this situation, concerns of judicial economy and efficiency would best be served by allowing transfer to the Northern District so this action may be considered by a judge who has already gained familiarity in this complex jurisdictional issue.  <u>See</u> <u>also</u> <u>Gould</u>, 990 F.Supp. at 1362.

There is a strong likelihood that allowing this litigation to move forward in the Middle District will unwisely use judicial resources, time and energy, and could potentially result in inconsistent results.  As another Alabama court sitting as a panel has recognized, "[p]reventing the duplication of effort and incompatible rulings strongly weigh in favor of transfer." <u>Barnett v. State of Alabama</u>, 171 F. Supp. 2d 1292, 1295 (S.D. Ala. 2001).  Efficiency is also best served

by transferring this case to the Northern District.  "The potential for consolidation of related litigation presents a strong incentive to keep related cases together."  <u>C & F Packing Co. v. KPR, Inc.</u>, 1993 U.S. Dist. LEXIS 10128, at *11 (N.D. Ill. July 22, 1993).  Here, Plaintiffs' claims against Blue Cross are not merely related but track almost precisely the factual allegations made in an earlier filed Complaint against Blue Cross, making this case ripe for transfer.  It is quite possible Blue Cross may be offering overlapping documents and witnesses in these two actions. Accordingly, absent a transfer of this case, the time and efforts of this Court – let alone that of the parties and potential witnesses – may be wasted if parallel proceedings are allowed.

For the foregoing reasons, Blue Cross respectfully requests this Honorable Court to transfer this case to the United States District Court for the Northern District of Alabama.

<div style="margin-left:45%;">

s/ James L. Priester
     One of the Attorneys for Defendant
     Blue Cross and Blue Shield Of Alabama

</div>

OF COUNSEL:

James L. Priester
Edward A. "Ted" Hosp
Grace C. Robinson
MAYNARD, COOPER & GALE, P.C.
1901 6th Avenue North
Suite 2400
Birmingham, Alabama  35203-2618
(205) 254-1000
(205) 254-1999 (fax)

Jere F. White, Jr.
William H. Brooks
Terrence W. McCarthy
LIGHTFOOT, FRANKLIN & WHITE, L.L.C.
The Clark Building
400 North 20th Street
Birmingham, Alabama  35203-3200
(205) 581-0700
(205) 581-0799 (fax)

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to counsel listed below via electronic filing on this 18th day of January, 2006:

Jere L. Beasley
W. Daniel "Dee" Miles, III
Clinton C. Carter
BEASLEY, ALLEN, CROW, METHVIN,
   PORTIS & MILES, P.C.
Post Office Box 4160
Montgomery, AL  36103-4160

McCALLUM, METHVIN & TERRELL, P.C.
2201 Arlington Avenue S.
Birmingham, AL  35205

McCALLUM, HOAGLUND, COOK & IRBY, LLP
2062 Columbiana Road
Vestavia Hills, AL  35216-2147

s/ James L. Priester_____
Of Counsel