# Exhibit 2

FILED
2005 Nov-22 AM 10:12
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| PAUL HOWARD, M.D., | ] |
| Plaintiff, | ] |
| v. | ] CV-05-BE-1894-S |
| BLUE CROSS BLUE SHIELD OF ALABAMA, | ] |
| Defendant. | ] |

ORDER

This matter is before the court on Plaintiff's Emergency Motion to Remand (doc. 3), which has been fully briefed by both sides. The court held a hearing on the motion on November 18, 2005. The defendant removed this case under three theories: "federal agent" removal pursuant to 28 U.S.C. § 1442(a)(1); federal question jurisdiction based on the complete pre-emption of the Federal Employees Health Benefit Act, 5 U.S.C. § 8902(m)(1); and federal question removal based on federal law controlling the disposition of plaintiff's state law claims.

The applicability of § 1442(a)(1) to the precise issues involved in this case – claims by a class of healthcare providers against an insurer, who administers the FEHBA plan for the Office of Personal Management, for fraud separate from any specific claims for payment for services provided to enrollees or members – presents a case of first impression. The closest case is *Anesthesiology Assocs. Of Tallahassee, Fla., P.A. v. Blue Cross Blue Shield of Fla., Inc., ("AAOT")* an unpublished *per curiam* decision rendered by the Eleventh Circuit on March 18, 2005. That case may be distinguishable based on the nature of the allegations of the complaint.

1

However, the court in that case did recognize the propriety of removal under § 1442(a)(1) based on the FEHBA contract between OPM and Blue Cross.

The court finds that it must examine the <u>defenses</u> asserted by the defendant based upon its FEHBA contract with OPM to properly determine removability under § 1442(a)(1) and not limit its focus to the plaintiff's complaint. Indeed, the Eleventh Circuit has noted that the scope of the inquiry under § 1442(a)(1) includes whether the defendant has advanced a colorable federal defense. *Magnin v. Teledyne Continental Motors*, 91 F.3d 1424, 1429 (11th 1999). Focusing on the defenses asserted in the removal petition as a basis for federal jurisdiction, and considering all the requirements of § 1442(a)(1) and principles of federal jurisdiction discussed on the record, the court finds that the defendant met its burden to establish the propriety of removal under § 1442(a)(1). The court does not reach the other grounds asserted for jurisdiction.

Because some doubts exist as to whether the *AAOT* case controls this decision and because of the importance of subject matter jurisdiction, the court invites the MDL court to take another look at the propriety of federal jurisdiction in this case.

DONE and ORDERED this 22nd day of November 2005.

*/s/ Karon O. Bowdre*
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE