IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| THE ALABAMA DENTAL ASSOCIATION, INC. LEW MITCHELL, DMD, and, JAMES SANDERSON, DMD, | * * * * * |
| Plaintiffs, | * Civil Action No.: 2:05-CV-1230-W |
| vs. | * * |
| BLUE CROSS AND BLUE SHIELD OF ALABAMA, | * * * |
| Defendant. | * |

## PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Plaintiffs hereby move in opposition to the Motion to Dismiss filed by Defendant Blue Cross and Blue Shield of Alabama ("BCBS"). Said motion is due to be denied, as the Alabama Dental Association ("ALDA") has standing to sue in this action.

1.   The ALDA seeks to bring this class action against BCBS on behalf of certain members of ALDA based on claims of fraud, suppression, unjust enrichment and breach of contract. *See* Complaint ¶¶ 2 & 3. Plaintiffs' claims are based on a fraudulent claims payment scheme, pervasive throughout the company, that BCBS employs to deny and diminish payments to ALDA members.

2.   BCBS contends ALDA must have a contract with BCBS, have been denied payment by BCBS and relied upon the misrepresentations of BCBS.

However, pursuant to well-settled law this contention is meritless. Even in the absence of injury to itself, an association may have standing solely as the representative of its members. E.g., *National Motor Freight Assn. v. United States*, 372 U.S. 246 (1963).

  3. The Alabama Supreme Court has held for many years that an "association has no standing to intervene in an action when it has no grievance apart from the grievances of its members." *City of Birmingham v. Fairview Home Owners Ass'n*, 259 Ala. 500, 66 So. 2d 775 (1953). However, the court steadily overruled *City of Birmingham*, albeit "implicitly", in recent years. See *Blue Cross & Blue Shield of Alabama v. Protective Life Ins. Co.*, 527 So. 2d 125 (Ala. Civ. App. 1987) (recognizing that City of Birmingham was overruled and holding that, under the rule of *Warth v. Seldin*, 422 U.S. 490, 45 L. Ed. 2d 343, 95 S. Ct. 2197 (1975), an association may have standing as the representative of its members).

  4. In 2000, the Alabama Supreme Court expressly overruled City of Birmingham in *Bama Budweiser, Inc. v. Anheuser-Busch, Inc.*, 783 So. 2d 792 (Ala. 2000). In *Bama Budweiser*, the court adopted the federal test for association standing which sets forth the following factors:

> "An association can seek relief on behalf of its members when: "(a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit."

*Bama Budweiser*, 783 So. 2d at 795 (citing *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 343, 53 L. Ed. 2d 383, 97 S. Ct. 2434 (1977)).

5. BCBS contends in its brief that ALDA only fails prong three of the *Hunt* test, a mirror image of the predominance requirement of FRCP 23. However, the claims asserted, as well as the relief requested, will not require the participation of ALDA's members. Plaintiffs do not contest the issue that ALDA, in its representative capacity, is not entitled to monetary damages. See *National Assn. of Realtors* v. *National Real Estate Assn., Inc.*, 894 F.2d 937, 941 (CA7 1990). ("Associations have been held to have standing under Article III of the Constitution to seek injunctive relief -- but never damages"). In fact, the Complaint explicitly demands injunctive relief. *See* Complaint ¶ 1.

6. Relying on *Warth*, the court in *Hunt* held that: "individual participation is not normally necessary when an association seeks prospective or injunctive relief for its members." See *Hunt, supra*, at 343. Such is the case here.

7. As to the "claims" element of prong three, BCBS seeks to hold ALDA to FRCP 23 scrutiny in a motion to dismiss. Assuming arguendo, such analysis is appropriate at this juncture of the litigation, it is clear from the Complaint that ALDA does not lack standing since the allegations of the complaint and determining whether those allegations are facially sufficient to state a claim based on injury to its members.

8. The United States Supreme Court has ruled that the issue on a question of standing of an association to assert a direct injury to itself is "the same inquiry as in the case of an individual: Has the plaintiff alleged such a personal stake in the outcome of the controversy as to warrant his invocation of . . . jurisdiction?" (Internal quotation marks and citations omitted.) *Havens Realty*

3

*Corp. v. Coleman, supra*, 455 U.S. at 377, quoting *Arlington Heights v. Metropolitan Housing Dev. Corp.*, 429 U.S. 252, 261, 50 L. Ed. 2d 450, 97 S. Ct. 555 (1977), and *Baker v. Carr*, 369 U.S. 186, 204, 7 L. Ed. 2d 663, 82 S. Ct. 691 (1962).

    9.    Representational standing "depends in substantial measure on the nature of the relief sought. If in a proper case the association seeks a declaration, injunction, or some other form of prospective relief, it can reasonably be supposed that the remedy, if granted, will inure to the benefit of those members of the association actually injured." *Warth* v. *Seldin*, 422 U.S. 490, 515, 95 S. Ct. 2197, 45 L. Ed. 2d 343 (1975). "Associational standing is particularly appropriate . . . where the relief sought is . . . a declaratory judgment. . . ." *Peick* v. *Pension Benefit Guaranty Corporation*, 724 F.2d 1247, 1259 (7th Cir. 1983).

    10.    ALDA clearly satisfies the third prerequisite for association standing as set forth in *Hunt*. Neither the claims asserted, nor the relief requested requires the participation of the individual members of ALDA. The injunctive relief sought by ALDA will "inure to the benefit" of all member-dentists of ALDA because it will alleviate the onerous burden of providing dental care at grossly unfair rates. *Warth*, *supra*, 515. Because money damages are not sought for alleged injuries to ALDA, proof relating solely to the variant experiences of each dental provider resulting from BCBS's fraudulent claims scheme at issue will not be necessary. See *Warth, supra*, 515-16; *Simer* v. *Rios*, 661 F.2d 655, 682 (7th Cir. 1981), cert. denied, 456 U.S. 917, 102 S. Ct. 1773, 72 L. Ed. 2d 177 (1982).

    11.    Certain policy reasons, not expressly embodied in the *Hunt* test,

also favor recognition of association standing. Allowing associations to represent their members' interests in appropriate cases may promote judicial economy and efficiency. One plaintiff can, in a single lawsuit, adequately represent, and perhaps vindicate, the interests of many members, thus avoiding repetitive and costly independent actions. "Permitting the association or organization to sue to protect the interests of its members avoids multiplicity of suits by similarly situated plaintiffs involving the same or similar causes of action and provides an efficient and expeditious method of adjudicating disputes." *Snyder* v. *Callaghan*, 284 S.E.2d 241, 251 (W. Va. 1981).

12.    Representational standing also allows the member dental providers, that would have standing to initiate declaratory judgment actions in their own right, to pool their financial resources and legal expertise and, therefore, ensure full and vigorous litigation of the disputed issue.

## CONCLUSION

Based on the foregoing, Defendant's Motion to Dismiss is due to be **DENIED**.

*/s/ Clinton C. Carter*
**CLINTON C. CARTER (CAR 112)**
Attorneys for Plaintiffs

**OF COUNSEL:**

**BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.**
Post Office Box 4160
Montgomery, Alabama 36103-4160
Telephone:    (334) 269-2343
Facsimile:    (334) 954-7555

5

**MCCALLUM, METHVIN & TERRELL, P.C.**
2201 Arlington Ave. S.
Birmingham, Alabama 35205-0000
Telephone:    (205) 939-0199
Facsimile:    (205) 939-0399

**MCCALLUM, HOAGLUND, COOK & IRBY, LLP**
2062 Columbiana Rd
Vestavia Hills, AL 35216-2147
Telephone:    (205) 824-7767
Facsimile:    (205) 824-7768

## CERTIFICATE OF SERVICE

I hereby certify that on February 10, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

James L. Priester
Edward A. "Ted" Hosp
Grace C. Robinson
**MAYNARD, COOPER & GALE**
1901 6th Avenue North, Suite 2400
Birmingham, Alabama 35203-2618
Telephone:   205-254-1000
Facsimile:   205-254-1999

Jere F. White, Jr.
William H. Brooks
Terrence W. McCarthy
**LIGHTFOOT, FRANKLIN & WHITE**
The Clark Building
400 North 20th Street
Birmingham, Alabama 35203-3200
Telephone:   205-581-0700
Facsimile:   205-581-0799

*/s/ Clinton C. Carter*
**OF COUNSEL**