IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| THE ALABAMA DENTAL ASSOCIATION, INC. LEW MITCHELL, DMD, and, JAMES SANDERSON, DMD, | |
| Plaintiffs, | Civil Action No.: 2:05-CV-1230-W |
| vs. | |
| BLUE CROSS AND BLUE SHIELD OF ALABAMA, | |
| Defendant. | |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER VENUE**

Plaintiffs request this Court **DENY** Defendant Blue Cross and Blue Shield of Alabama's ("BCBS") Motion to Transfer Venue to the Northern District of Alabama. Plaintiffs oppose all grounds stated in Defendant BCBS's Motion to Transfer Venue. Plaintiffs state that Defendant BCBS's Motion is due to be **DENIED** because a transfer to the Northern District is not in the interest of justice or more convenient for the parties.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Plaintiffs, the Alabama Dental Association (ALDA), in an associational capacity and on behalf of its members, Lew Mitchell, D.M.D. and James Sanderson, D.M.D., individually and on behalf of all others similarly situated, seek to bring this class action against BCBS based on claims of fraud, suppression, unjust enrichment and breach of contract. *See* Complaint ¶¶ 2 & 3.

Plaintiffs' claims are based on a fraudulent claims payment scheme, pervasive throughout the company, employed by BCBS to deny and diminish payments to ALDA members. The ALDA is an Alabama not-for-profit corporation with its principal place of business in Montgomery County, Alabama. The ALDA was founded in 1869 and is part of a tripartite system with the American Dental Association and nine component district dental societies. The ALDA represents over 1600 dentists throughout the State of Alabama. The stated objective of ALDA is to represent Alabama dentists and their efforts to provide quality dental care to the citizens of Alabama. The ALDA brings this action as a representative of its members who have submitted, or will submit, claims to Defendants for dental services they performed as in-network or out-of-network providers and who have, or will be, harmed by Defendants' conduct as alleged herein. *See* Complaint ¶ 8.

## ARGUMENT

**I.     UNDER §1404(a), THE MIDDLE DISTRICT OF ALABAMA IS THE PROPER FORUM.**

Section 1404(a) provides that "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a) (1988). Under this statute, when considering a motion to transfer venue, the court must balance several case-specific and often competing factors, including the convenience of the parties, the convenience of witnesses, and the interests of justice. *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 29, 101 L. Ed. 2d 22, 108 S. Ct. 2239 (1988); *see also Van Dusen v. Barrack*, 376 U.S. 612, 616, 11 L. Ed. 2d 945, 84 S. Ct. 805 (1964) (Section 1404(a) requires

2

"considerations of convenience and justice"); *Continental Grain Co. v. The Barge FBL-585 and Federal Barge Lines, Inc.*, 364 U.S. 19, 26, 80 S. Ct. 1470, 4 L. Ed. 2d 1540 (1960) (the purpose of § 1404(a) is to prevent the waste "of time, energy and money" and "to protect litigants, witnesses and the public against unnecessary inconvenience and expense . . . .").

### A.   Convenience of Parties Does Not Favor Transfer in this Case

The court had a chance to address a venue question in a case very similar to the instant case in *Intergraph Corp. v. Intel Corp.*, 1998 U.S. Dist. LEXIS 21425 (N.D. Ala. 1998). In *Intergraph*, Judge Nelson held:

> "First, consideration of "the convenience of the parties" does not favor transfer of this case. Counsel for Intel has already made a personal appearance in this court and has secured local counsel in this district. Moreover, Intel is obviously a multinational corporation that does business all over the world, including a substantial amount in this district. Notwithstanding Intel's size and the pervasiveness of its presence in this and other judicial districts, the court is aware that transfer to the home district of the defendant would likely be more convenient for Intel."

*Intergraph Corp.,* 1998 U.S. Dist. LEXIS 21425, *5.

Counsel for Plaintiffs and Defendants have already made an appearance in this Court and have secured local counsel in this district. Moreover, BCBS is obviously a very large corporation that does business all over the State, including a substantial amount in this district. BCBS is certainly large and considering the "pervasiveness of its presence in this and other judicial districts", transfer to the home district of Defendant BCBS would likely be more convenient for BCBS. *Id.* at *6.

However, BCBS, as the movant, has the burden to establish that the convenience to itself resulting from a transfer would "substantially" outweigh any resulting inconvenience to the plaintiff. It has failed to establish that a transfer away from the home district of ALDA would not create as much, if not more, inconvenience for the plaintiff. *See In re Ricoh Crop.*, 870 F.2d 570, 573 (11th Cir. 1989); *see also Bell v. K Mart Corp.*, 848 F. Supp. 996, 998 (N.D. Ga. 1994) ("the movant has the burden of making a strong case for transfer and if transfer would merely shift inconvenience from one party to the other, . . . plaintiff's choice of forum should not be disturbed . . . ."). Applying Judge Nelson's analysis in *Intergraph*, "the convenience of the parties" does not favor transfer of this case to the Northern District.

   1.  <u>Convenience of the Witnesses is Not a Factor that Favors a Transfer</u>[1]

In this regard, BCBS contends the Northern District is more convenient for the individually named Plaintiffs, as well as witnesses. However, hundreds of dentists and other figures pertinent to this litigation live in the Middle and Southern Districts of Alabama. The Middle District is centrally located in the state and thus more convenient for all parties, as well as witnesses.

This is not merely a "battle of numbers;" in a case of this type, the primary concern lies with which material witnesses would be unavailable in one forum or the other. *See e.g. AMF, Inc. v. Computer Automation, Inc.*, 532 F. Supp. 1335, 1342-44 (D.C. Ohio 1982). BCBS has not provided any evidence to suggest more material witnesses are domiciled in the Northern versus the Southern

---

[1] *Intergraph Corp.,* 1998 U.S. Dist. LEXIS 21425, *6.

4

District.

### B.   Section 1404(a) Recognizes that the Plaintiffs' Selected Forum is Presumptively Correct

The Eleventh Circuit has determined that a court should be somewhat restrictive in transferring actions, stating that "the plaintiff's choice of forum should not be disturbed unless the movant can show that it is clearly outweighed by other considerations." See *id.* (quoting *Howell v. Tanner*, 650 F.2d 610, 616 (5th Cir. Unit B 1981), cert denied, 456 U.S. 918, 72 L. Ed. 2d 178, 102 S. Ct. 1775 (1982) (internal quotations omitted)).

This Honorable Court must afford deference to the Plaintiffs' selection. The defendant, therefore, bears the burden of demonstrating that the suggested forum is more convenient. *In re Ricoh Corp.*, 870 F.2d at 572. Section 1404(a) allows transferring to a more convenient forum, "but not one which is likely to prove equally convenient or inconvenient." *Van Dusen v. Barrack*, 376 U.S. 612, 645-46, 11 L. Ed. 2d 945, 84 S. Ct. 805 (1964). Federal courts traditionally have accorded a plaintiff's choice of forum considerable deference. See *In re Ricoh Corp.*, 870 F. 2d at 573. As some courts have stated, the weight to be given the plaintiff's forum choice is significant and "will not be disturbed unless the other factors weigh substantially in favor of transfer." *Mohamed v. Mazda Motor Corp.*, 90 F. Supp. 2d 757, 774 (E.D. Tex. 2000)(citation omitted). Residence in the filing district is not the sole consideration in determining the proper weight to afford the plaintiff's forum choice. Courts also afford substantial weight to the plaintiff's chosen forum when that forum is connected with the subject matter of

5

the lawsuit. See *Patel v. Howard Johnson Franchise Systems, Inc.,* 928 F. Supp. 1099, 1101 (M.D. Ala. 1996); ("Where none of the conduct complained of took place in the forum selected by Plaintiff, the Plaintiff's choice of forum is of minimal value in determining whether to transfer an action."). In this action, Plaintiffs defined their class to encompass dentists throughout the state, from all federal districts. Additionally, the Middle District poses a particular nexus to the class members since the professional association, an organization (and party to this lawsuit) in which the entire class is a member, resides in the Middle District.

### C.   A Transfer Would Not Favor the Interest of Justice

BCBS has not successfully shown that transfer is required "in the interest of justice." BCBS's argument that the existence of another action in the Northern District of Alabama with "recently encountered issues" similar to the instant case ignores the fact that this Court has already expended substantial judicial energy and time in considering many of the issues in this case. Furthermore, the Northern District has no less interest in resolving the issues in this case than does the Middle District. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508-09, 91 L. Ed. 1055, 67 S. Ct. 839 (1947)).

### **CONCLUSION**

Section 1404(a) allows transferring to a more convenient forum, "not to a forum likely to prove equally convenient or inconvenient." *Van Dusen*, 376 U.S. at 645-46. Litigation in this district is no more or less inconvenient for BCBS and its witnesses than litigating in the Northern District would be for Plaintiffs and their witnesses. The Defendant has not demonstrated why the proposed transferee

6

court would be more convenient, or in the interest of justice. Accordingly, it has failed to convince the court that it should not defer to the Plaintiffs' choice of forum.

                                                    */s/ Clinton C. Carter*
                                                    **CLINTON C. CARTER (CAR 112)**
                                                    Attorneys for Plaintiffs

**OF COUNSEL:**

**BEASLEY, ALLEN, CROW,**
**METHVIN, PORTIS & MILES, P.C.**
Post Office Box 4160
Montgomery, Alabama 36103-4160
Telephone:   (334) 269-2343
Facsimile:    (334) 954-7555

**MCCALLUM, METHVIN & TERRELL, P.C.**
2201 Arlington Ave. S.
Birmingham, Alabama 35205-0000
Telephone:   (205) 939-0199
Facsimile:    (205) 939-0399

**MCCALLUM, HOAGLUND, COOK & IRBY, LLP**
2062ColumbianaRd
Vestavia Hills, AL 35216-2147
Telephone:   (205) 824-7767
Facsimile:    (205) 824-7768

## CERTIFICATE OF SERVICE

I hereby certify that on February 10, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

James L. Priester
Edward A. "Ted" Hosp
Grace C. Robinson
**MAYNARD, COOPER & GALE**
1901 6th Avenue North, Suite 2400
Birmingham, Alabama 35203-2618
Telephone:   205-254-1000
Facsimile:   205-254-1999

Jere F. White, Jr.
William H. Brooks
Terrence W. McCarthy
**LIGHTFOOT, FRANKLIN & WHITE**
The Clark Building
400 North 20th Street
Birmingham, Alabama 35203-3200
Telephone:   205-581-0700
Facsimile:   205-581-0799


                                         */s/ Clinton C. Carter*
                                         OF COUNSEL