# EXHIBIT C

# EXHIBIT C

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 03-61668-CIV-MARTINEZ-KLEIN

LPMG, INC. a/k/a LONGWOOD
PREVENTATIVE MEDICINE GROUP,

    Plaintiff,

vs.

BLUE CROSS AND BLUE SHIELD
OF FLORIDA, INC.,

    Defendant.
_____/



## REPORT AND RECOMMENDATION THAT PLAINTIFF'S MOTION FOR REMAND BE DENIED

THIS MATTER comes before the Court on Plaintiff's Motion to Remand (D.E. No. 11), filed on September 26, 2003 and Defendant's Response in Opposition (D.E. No. 14), filed on October 17, 2003. Upon consideration of the pleadings, relevant authority, arguments of the parties and being fully advised in the premises, the Undersigned hereby REPORTS and RECOMMENDS that Plaintiff's Motion for Remand of this action be DENIED.

### FACTUAL BACKGROUND

This action was originally filed in the Circuit Court of the Seventeenth Judicial Circuit of the State of Florida on July 8, 2003. Plaintiff, a healthcare provider, rendered services (acupuncture treatments) to seven individuals (hereinafter referred to as "patients") enrolled in health benefit plans administered by Defendant. Plaintiff alleges that prior to rendering treatment to each individual identified in the complaint, it contacted Defendant's representative and

1

confirmed that the individual was covered under Defendant's health benefit plan and that acupuncture treatment was an included service under Defendant's healthcare plan. Treatment was subsequently rendered to the named individuals.

Plaintiff alleges that Defendant improperly failed to make timely payments for the acupuncture treatments subsequently rendered, and therefore brought this action in state court pursuant to Florida Statute Chapter 624, et. seq, based on three alternative theories of liability including breach of contract, negligent misrepresentation and open account.

On August 29, 2003, Defendant timely filed its verified petition for removal of this action to the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. §1441. Defendant maintains that this Court has federal question jurisdiction under 28 U.S.C. §1331 and bases its removal petition on three separate grounds, including (1) complete preemption by the Employee Retirement Income Security Act of 1974 (ERISA), (2) complete preemption by the Federal Employees Health Benefits Act (FEHBA), and (3) pursuant to 28 U.S.C. 1442(a)(1), which provides for a right of removal by any person acting under an officer or agency of the United States sued in an official capacity for acts performed under color of the office.

## LEGAL STANDARD

The burden of establishing federal jurisdiction falls on the party who is attempting to invoke the jurisdiction of the federal court. *See* McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936). Courts should strictly construe the requirements of 28 U.S.C. §1441 (removal statute) and remand all cases in which jurisdiction is doubtful. *See* Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 109 (1941). Moreover, removal statutes are construed narrowly,

2

and when the plaintiff and defendant clash on the issue of jurisdiction, uncertainties are resolved in favor of remand. *See* Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994).

## DISCUSSION

Preemption Based on ERISA

In its petition for removal, Defendant states that at least one patient, Christopher Lunt, is enrolled in an employer-sponsored health insurance plan. As such, Defendant maintains, and Plaintiff does not dispute, that this plan is governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq. (ERISA) *See* Metropolitan Life Ins. Co., v. Massachusetts, 471 U.S. 724, 105 S.Ct. 2380, 85 L.Ed.2d 728 (1985)[1] Defendant argues that Plaintiff's state law claims are completely preempted by ERISA, and are subsequently converted into federal law claims, and therefore create federal question jurisdiction.

Plaintiff contends, however, that ERISA's civil enforcement provision, 29 U.S.C. § 1132(e)(1) is not completely preempted, and therefore, under ERISA's grant of concurrent jurisdiction on issues of collection of benefits, removal to federal court was inappropriate.

It is well settled that, as a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim. Potential defenses, including a federal statute's preemptive effect, do not provide a basis for removal. Beneficial National Bank v. Anderson, 123 S.Ct. 2058, 156 L.Ed.2d 1 (2003); 28 U.S.C.A. § 1441. A state claim may be removed to federal court, however, when the federal statute wholly displaces the

---

[1] The federal Employee Retirement Income Security Act of 1974, 88 Stat. 829, as amended, 29 U.S.C. § 1001 et seq. (ERISA), comprehensively regulates employee pension and welfare plans. An employee welfare-benefit plan or welfare plan is defined as one which provides to employees "medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability [or] death," whether these benefits are provided "through the purchase of insurance or otherwise." § 3(1), 29 U.S.C. § 1002(1). Metropolitan Life at 732.

3

state-law cause of action through complete preemption. Id. And when the federal statute completely preempts the state-law cause of action, a claim which comes within the scope of that federal cause of action, even if pleaded in terms of state law, is in reality based on federal law. Id. at 2063. Such a claim would then be removable under 28 U.S.C. 1441(b). Id.

The first question for consideration here is whether the ERISA claims here completely preempt state law. This question has been decided in the affirmative by the Supreme Court in Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987) and reiterated recently by the Court in Beneficial National Bank v. Anderson 123 S.Ct. 2058, 156 L.Ed.2d 1 (2003). Metropolitan holds that a suit by a beneficiary to recover benefits from a covered plan falls directly under § 502(a)(1)(B) of ERISA, 29 U.S.C. 1132(a)(1)(B) which provides *an exclusive federal cause of action for resolution of such disputes*. Metropolitan at 63 (emphasis added).

In so finding, the court was particularly influenced by the language of the jurisdictional subsection of ERISA's civil enforcement provision, which states that "[t]he district courts of the United States shall have jurisdiction, without respect to the amount in controversy or the citizenship of the parties, to grant the relief provided for in subsection (a) of this section in any action." 29 U.S.C. § 1132(f); Metropolitan at 65.

That impression was "fully confirmed by the legislative history of ERISA's civil enforcement provisions." Metropolitan at 66. The Conference Report on ERISA describing the civil enforcement provisions of § 502(a) says:

> [W]ith respect to suits to enforce benefit rights under the plan or to recover benefits under the plan which do not involve application of the title I provisions, they may be brought not only in U.S. district courts but also in State courts of competent jurisdiction. *All such actions in Federal or State courts are to be*

4

> *regarded as arising under the laws of the United States in similar fashion to those brought under section 301 of the Labor- Management Relations Act of 1947.*

H.R.Conf. Rep. No. 93-1280, p. 327 (1974); Metropolitan at 66 (emphasis added).[2]

The Metropolitan Court decided that the case before it, which consisted of state law claims of breach of contract and tort law claims, "though it purports to raise only state law claims, is necessarily federal in character by virtue of the clearly manifested intent of Congress. It, therefore, "arise[s] under the ... laws ... of the United States," 28 U.S.C. § 1331, and is removable to federal court by the defendants, 28 U.S.C. § 1441(b)." Metropolitan at 69.

Under the guidelines set out by the Eleventh Circuit for a complete preemption analysis, the Court must now decide (1) whether the contested benefit plan is a relevant ERISA plan, (2) whether Plaintiff has standing to sue under the plan, (3) whether the Defendant is an ERISA entity, and (4) whether the complaint seeks relief akin to that available under 29 U.S.C. 1132(a), i.e. whether the claims "relate to" the ERISA plan. Butero v. Royal Maccabees Life Ins. Co., 174 F.3d 1207, 1212 (11th Cir. 1999). These determinations must be made with a common sense view of the matter. Hooper v. Albany International Corp., 149 F.Supp.2d 1315 (M.D. Ala. 2001)(referencing Metropolitan Life Ins. Co. v. Massachusetts, 471 U.S. 724, 740 (1985)).

First, there appears to be a relevant ERISA plan. An ERISA employee welfare benefit plan is identified as a plan established or maintained by an employer for the purpose of providing *inter alia*, medical benefits to participants or their beneficiaries, through the purchase of insurance or otherwise. *See* 29 U.S.C. § 1002(1). That the plan in question is an employer-funded, self-

---

[2] It is established as a matter of law that the complete preemption doctrine applies to section 301 of the Labor-Management Relations Act of 1947.

5

insured plan is not disputed. Second, under the terms of the assignment agreements signed by its patients, Plaintiff has standing to sue. Third, considering that the claims of the complaint relate to alleged breach of terms of an ERISA-governed health plan, Defendant, as an insurer under this plan is rightly considered an ERISA entity. Finally, the relief sought is akin to relief available under ERISA's civil enforcement provisions, 29 U.S.C. § 1132(a).

Accordingly, Plaintiff's claims of breach of contract, misrepresentation and open account under the ERISA-governed plan are preempted by ERISA. As such, there exists a federal question, and therefore removal was proper pursuant to 28 U.S.C. 1441.

Plaintiff argues that even if the claims fall under ERISA, there is an exception to super preemption as it relates to the civil enforcement provision. Plaintiff argues that under that provision, the states are explicitly granted concurrent jurisdiction. On that basis, Plaintiff maintains that the federal court does not have super preemptive powers and this case should be remanded.

Plaintiff's argument must fail. A similar argument was made in Chilton v. Savannah Foods & Industries, Inc., 814 F.2d 620, 623 (11th Cir. 1987) in which the Court rejected the argument that the fact of concurrent jurisdiction vitiates the federal court's authority to allow removal of the case. In discussing the ERISA civil enforcement provision, 29 U.S.C. § 1132(a)(1) and (e)(1) the Chilton court stated that

> we cannot say that Congress in granting concurrent jurisdiction intended to foreclose removal of ERISA actions ... [Plaintiff] would have this court disallow removal of cases over which state and federal courts have concurrent jurisdiction by equating "original jurisdiction" with "exclusive jurisdiction." To do so, however, would make 28 U.S.C. §1441(a) meaningless.

Id.

Defendant also argues that under the well-pleaded complaint rule, federal jurisdiction only

6

exists when Plaintiff's complaint presents a federal question on its face. While this is a correct recitation of the general rule, it is inapplicable when there is a complete preemption of state law claims. Such super preemption converts an ordinary state law claim into a federal claim for purposes of the well-pleaded complaint rule. BLAB T.V. of Mobile, Inc. v. Comcast Cable Communications, Inc, 182 F.3d 851, 854 (11th Cir. 1999) (citing Caterpillar, Inc. v. Williams 482 U.S. 386, 107 S.Ct. 2425, 96 L.Ed.2d 318, (1987)).

Preemption Based on FEHBA

Next, Defendant states that identified patients, Karen Dolan and Billy Walton, are enrolled in a "Service Benefit Plan" governed by the Federal Employees Health Benefits Act (FEHBA), 5 U.S.C. §§ 8901 – 8914.[1] As with the ERISA claim, Defendant maintains that Dolan and Walton's state law claims are completely preempted by FEHBA, and that federal question jurisdiction exists, and therefore removal of these claims is proper. The answer to this charge is not as clear as the ERISA analysis, however. There is a distinct split in the circuit as to whether the complete preemption doctrine applies to FEHBA. The Eleventh Circuit has not yet resolved the disagreement. The Court is guided, nonetheless, by the established principle that "in determining the issue of complete preemption the court looks to Congressional intent." Metropolitan at 64.

Northern District

In 1998, Congress enacted the Federal Employees Health Care Protection Act of 1998 to amend chapter 89 of title 5, United States Code, pursuant to which section 8901(m) was amended to read:

> The terms of any contract under this chapter which relate to the nature, provision, or extent of coverage or benefits (including payments with respect to benefits) shall supersede and preempt any State of local law, or any regulation issued thereunder, which relate to health insurance or plans." U.S.C. §8902(m)(1).

---

3  FEHBA authorizes the United States Office of Personnel Management (OPM) to contract with qualified insurance carriers, here Defendant Blue Cross Blue Shield, to provide health benefit plans to federal employees. 5 U.S.C.A. § 8903.

7

This provision has been interpreted by one court in the Northern District as a significant and determinative change from the old FEHBA provision which preempted state law only "to the extent that such law or regulation is inconsistent with such contractual provisions." Carter v. Blue Cross and Blue Shield 61 F.Supp.2d 1237 (N.D. Fla. 1999).

The Carter court held that with this amendment, Congress clearly evinced its intent that FEHBA completely preempt state law in disputes relating to FEHBA health insurance plans; in support, the court cited the House Report which states that "[t]his change will strengthen the case for trying FEHB program claims disputes in Federal courts rather than state courts." Carter at 1240 (quoting H.R.Rep. No. 105-374, at 9 (1998).[4]

Middle District

One court in the Middle District disagreed with Carter, holding in Ramirez v. Humana, Inc., 119 F.Supp.2d 1307 (M.D. Fla. 2000) that FEHBA still is not imbued with super preemptive power. The Ramirez court opined that 8902(m)(1) provides that only contract terms, rather than FEHBA itself preempts state law. Ramirez at 1312. In support, it points to the changes in the language of the amended provision and also to other House Report language which states that the purpose of the amendment was

> to broaden the preemption of State and local laws with respect to health care contracts under the FEHB[A] program. This amendment confirms the intent of Congress (1) that FEHB[A] program *contract terms* which relate to the nature or extent of coverage or benefits (including payments with respect to payments) completely displace State or local law relating to health insurance or plans and (2) that this preemption authority applies to *contract terms* which relate to the provision of benefits or coverage, including managed care programs.

Ramirez at 1312 and 1313 (quoting H.R. Rep. No. 105-374, at 16 (1997)(emphasis added).

Southern District

---

4 The Carter court made a point of distinguishing between the claims based on breach of contract, which it opined were clearly preempted by FEHBA, and the claims for fraudulent inducement, on which it reserved judgment as to preemption.

8

One court in the Southern District has considered the FEHBA preemption issue. In Baptist Hospital of Miami v. Timke, 832 F.Supp.338 (S.D. Fla. 1993), the court found that Congress had not conferred super preemptive powers as to FEHBA claims. That court was guided, however, by the older FEHBA provision limiting preemption to situations where state law is inconsistent with contractual FEHBA provisions.

It is the opinion of this Court that the Carter decision represents the better view on the issue of super preemption. It makes little sense to believe that Congress would intend to broaden the preemption standard for ERISA claims, and not do the same for FEHBA claims which involve federal employees. *Accord* Botsford v. Blue Cross and Blue Shield of Montana, 314 F.3d 390 (9th Cir. 2002); Kight v. Kaiser Foundation Health Plan, 34 F.Supp.2d 334 (E.D. Va. 1999), Rievley v. Blue Cross and Blue Shield of Tennessee, 69 F.Supp.2d 1028 (E.D. Tenn. 1999).

This issue of whether FEHBA claims completely preempt state law claims does not form the sole basis for removal in the instant case, because the Court has original jurisdiction based on the ERISA claims, and pursuant to the supplemental jurisdiction provision of 28 U.S.C.A. § 1367, it may hear the remaining related claims.

In view of the foregoing analysis, it is unnecessary to decide the question of removability based upon a person acting under an office or agency of the United States sued in an official capacity for acts performed under the color of the office.

Therefore, the Undersigned hereby **REPORTS** and **RECOMMENDS** that Plaintiff's Motion for Remand (D.E. 11), filed September 26, 2003, be **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 2 day of December, 2003.

THEODORE KLEIN
UNITED STATES MAGISTRATE JUDGE

Copies provided to:
District Judge Jose E. Martinez
All Counsel of Record

9

The parties shall have ten days from the date of this Report and Recommendation to file written objections, if any, for consideration by the District Judge. Failure to file objections timely shall bar the parties from attacking any factual findings contained herein.