# EXHIBIT D

IN THE CIRCUIT COURT OF THE
SECOND JUDICIAL CIRCUIT, IN
AND FOR LEON COUNTY, FLORIDA

ANESTHESIOLOGY ASSOCIATES
OF TALLAHASSEE, P.A.

    Plaintiffs,

vs.   Case No. 02-CA-2903

BLUE CROSS AND BLUE SHIELD OF
FLORIDA, INC.

SMK

DEC 10 2002

    Defendant

_____/

## COMPLAINT

Plaintiff, ANESTHESIOLOGY ASSOCIATES OF TALLAHASSEE, P.A. by and through its undersigned attorneys files this Complaint against BLUE CROSS AND BLUE SHIELD OF FLORIDA, INC. (hereinafter referred to as "Blue Cross"), alleging:

### GENERAL STATEMENT.

1. These are actions for damages in excess of $15,000.00

2. Anesthesiology Associates of Tallahassee, P.A., (AAOT) is a professional association organized and existing under the laws of Florida and has its principal place of business in Leon County, Florida.

3. Blue Cross is a corporation duly organized and existing under the laws of the State of Florida, and at all times pertinent to this action, was doing business in the State of Florida and in Leon County, Florida.

4. AAOT, through physicians employed by it, renders services in the field of anesthesiology.

1

Such services are rendered to thousands of patients each year and were rendered to thousands of patients during the year pertinent to this Complaint.

5. Hundreds of the patients of AAOT are insured by, or through, Blue Cross.

6. From the vast majority of AAOT patients, they obtained an assignment of the benefit. The typical form of assignment of benefits is attached hereto as composite Exhibit "A."

7. When AAOT submits claims to Blue Cross, they submit it on a CMS 1500, which contains an assignment of benefits. This form is attached as Exhibit "B."

8. Blue Cross has failed and refuses to pay such benefits directly to Anesthesiology Associates.

9. At the time that the payment was due to AAOT, Blue Cross was fully aware that such charges were due and owing from insureds of Blue Cross to AAOT.

## COUNT I. ASSIGNMENT OF BENEFIT.

10. AAOT hereby re alleges paragraphs 1 through 9, inclusive.

11. AAOT receives from its patients an assignment of their benefits from Blue Cross directly to AAOT. When that assignment has been signed, which it has in this case, the benefits have effectively been assigned to AAOT.

12. The assignment creates an obligation on Blue Cross' part to pay those benefits directly to AAOT.

13. Blue Cross by receipt of the CMS 1500 is on notice of such assignment of benefits prior to payment of such amounts.

14. Blue Cross has breached such assignment of benefits by failing to make such payments directly to AAOT.

15.  AAOT has been damaged by Blue Cross's breach.

WHEREFORE, AAOT hereby requests damages, prejudgment interest, attorney's fees, costs and such other relief as is available.

## COUNT II. BREACH OF IMPLIED CONTRACT.

15.  AAOT hereby re alleges paragraphs 1 through 9, inclusive.

16.  AAOT truthfully and honestly inferred from Blue Cross' past and current conduct that assignment of benefit contracts were not only acceptable, but a norm in the business goings on of Blue Cross. Blue Cross breached this contract by not following through with their implied contract with AAOT.

17.  Blue Cross and AAOT have been doing business together in the provider/ insurer context for many years now. It was clear that there was an implied contract between Blue Cross and AAOT that the insureds could assign their benefits directly to Anesthesiology Associates.

18.  Blue Cross has breached such implied contract by failing to make such payments directly to AAOT.

19.  AAOT has been damaged by Blue Cross's breach.

WHEREFORE, AAOT hereby requests damages, prejudgment interest, attorney's fees, costs and such other relief as is available.

## COUNT III. PROMISSORY ESTOPPEL.

20.  AAOT hereby realleges paragraphs 1 through 9, inclusive.

21.  Blue Cross, in effect, promised AAOT that they would pay them when the insured reassigned their benefits to the providers. Blue Cross did this through continuous actions

3

over many years of doing business together with AAOT.

22. Blue Cross clearly believed that this promise would induce AAOT to create contracts whereby the insureds could reassign their benefits to their providers. This had been an ongoing relationship and there were countless instances of assignments of the benefit to AAOT.

23. Not only did Blue Cross have a reason to believe their promise to AAOT would induce action or forbearance, but it did, in fact, induce action on AAOT's part. Because of their reasonable belief that Blue Cross would follow through with their promise, AAOT has allowed countless patients to assign their benefits to AAOT.

24. The only way to avoid the injustice that AAOT has suffered is to enforce Blue Cross' promise of payment.

25. Blue Cross has breached such assignment of benefits by failing to make such payments directly to AAOT.

26. AAOT has been damaged by Blue Cross's breach.

WHEREFORE, AAOT hereby requests damages, prejudgment interest, attorney's fees, costs and such other relief as is available.

### COUNT IV: ENFORCEMENT OF SECURITY INTEREST.

27. AAOT hereby realleges paragraphs 1 through 9, inclusive.

28. Pursuant to the assignment of benefits signed by patients, AAOT has a security in a Health-care-insurance receivable as defined in section 679.1021(tt) Florida Statutes.

29. Upon receipt of the CMS 1500, Blue Cross is on notice of AAOT's security interest in the Health-care-insurance receivable.

30. AAOT has an attached and perfected security interest in the Health-care-insurance receivable.

31. Blue Cross has continuously ignored such perfected security interest and has released the Health-care-insurance receivable to its insured without remitting payment to AAOT.

32. AAOT has been damaged by Blue Cross's failure to honor the security interest of AAOT.

33. AAOT has been and will continue to be damaged by Blue Cross's failure to honor AAOT's security interest.

WHEREFORE the Plaintiff respectfully requests this Court:

(a) enter an order of injunction requiring Blue Cross to pay directly to AAOT the Health-care-insurance receivables for which AAOT submits a CMS 1500 to Blue Cross;

(b) to award damages and prejudgment interest for past payments made by Blue Cross contrary to AAOT's security interest.

(c) to award the Plaintiff its attorney's fees, costs and fees;

(d) to grant to the Plaintiff such other relief as this Court deems proper.

RESPECTFULLY SUBMITTED, this 2nd, day of December, 2002

STERNSTEIN, RAINER & CLARKE, P.A.

FRANK P. RAINER, ESQUIRE
STERNSTEIN, RAINER & CLARKE, P.A.
Fla. Bar ID No. 436518
101 North Gadsden Street
Tallahassee, Florida 32301
(850) 577-6557
*Counsel for Plaintiff, Anesthesiology Associates of Tallahassee, P.A.*

5