# EXHIBIT E

FILED
2005 Mar-15 PM 04:02
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| DAVID J. BELOW, D.C., | ) |
| | ) |
| Plaintiff, | ) Case No.: CV-04-HS-0246-NE |
| v. | ) |
| | ) |
| BLUE CROSS AND BLUE SHIELD | ) |
| OF ALABAMA, | ) |
| | ) |
| Defendant. | ) |

## ORDER DENYING
## MOTION TO REMAND

This cause comes before the Court on the Motion to Remand (doc. 3), filed by the Plaintiff David J. Below, D.C. In that motion, the Plaintiff asks the Court to remand the action to the Circuit Court of Cullman County, from which it was removed, on the grounds that (1) the Court lacks subject matter jurisdiction over the action because the Plaintiff brings only state law claims and the parties are not of diverse citizenship; and (2) the removal was procedurally defective because, under 28 U.S.C.A. § 1446(b), the Defendant Blue Cross and Blue Shield of Alabama ("Blue Cross") filed its notice of removal untimely.

The Court first will address whether it has jurisdiction. Below argues that the Court lacks jurisdiction because he is not diverse with Blue Cross and his only cause of action is a contract claim under Alabama state law. Blue Cross argues that

Below's contract claim is completely preempted by section 502(a) of the Employment Retirement Security Act of 1974 ("ERISA"), as amended, 29 U.S.C.A. § 1132(a).[1] If Below's suit is completely preempted, then his suit "is necessarily federal in character and therefore necessarily presents a basis for federal jurisdiction." *Kemp v. IBM*, 109 F.3d 708, 712 (11th Cir. 1997). A cause of action is completely preempted by ERISA when four criteria are met: (1) an ERISA plan must be involved; (2) the plaintiff must have standing to sue under that plan; (3) the defendant must be an ERISA entity; and (4) the complaint must seek relief akin to what is available under ERISA section 502(a). *See Butero v. Royal Maccabees Life Ins.*, 174 F.3d 1207, 1212 (11th Cir. 1999).

There is no dispute as to element one: an ERISA plan is involved. Below's first amended complaint alleges a cause of action for breach of contract under the "Participating Chiropractor Agreement with Blue Cross and Blue Shield of Alabama" (hereinafter "Chiropractor Agreement"). The Chiropractor Agreement refers to "Benefit Agreements," (*see, e.g.,* Chiropractor Agreement, doc. 8, ex. 2, art. IV, § 4.5; art. VI, § 6.2), which are defined as agreements in which Blue Cross agrees to

---

[1] ERISA also contains an express preemption provision. *See* ERISA § 514(a), as amended, 29 U.S.C.A. § 1144(a). Claims of preemption under this provision do not provide an independent basis for jurisdiction in federal court, however, *see Butero v. Royal Maccabees Life Ins.*, 174 F.3d 1207, 1211 (11th Cir. 1999), and Blue Cross does not rely on this provision in opposing the motion to remand.

2

provide, indemnify against, or administer chiropractic care benefits. (*See id.*, art. II, § 2.2.). It is undisputed that, for a substantial percentage of Below's patients, the benefit agreements involved are plans governed by ERISA. (*See* Affidavit of Carl Caudle, doc. 7, ex. 1.)

There is no dispute regarding element two: Below has standing to sue Blue Cross under several ERISA plans because several of his patients who are beneficiaries of ERISA plans have assigned their claims for benefits to him. In opposition to Below's motion to remand, Blue Cross submitted several forms on which plan beneficiaries assigned their claims for benefits to the Plaintiff. (*See* Affidavit of Sandra L. Smith, doc. 7, ex. 2.) Assignees like the Plaintiff have derivative standing to sue under section 502 of ERISA. *See Cagle v. Bruner*, 112 F.3d 1510, 1515 (11th Cir. 1997).

There is no dispute regarding element three: Blue Cross is an ERISA entity. The Plaintiff does not dispute that Blue Cross serves as the insurer and/or claims administrator for numerous ERISA employee welfare plans and that 70% of Blue Cross' members receive their benefits through ERISA plans. (*See* Affidavit of Carl Caudle, doc. 7, ex. 1.)

What *is* disputed in this case is whether the complaint seeks relief akin to the relief available under ERISA. Section 502 of ERISA provides a civil remedy, *inter*

3

*alia*, for a participant or beneficiary "to recover benefits due him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan[.]" 29 U.S.C.A. § 1132(a)(1)(B). Consequently, if Below seeks, in the capacity of an assignee, to recover benefits, enforce his rights, or clarify his rights under an ERISA plan, then his state law action is completely preempted.

The Court concludes that Below seeks to recover benefits and enforce his rights as an assignee under certain ERISA plans. In the first amended complaint, Below makes several claims that Blue Cross refused to provide benefits for chiropractic services he rendered. For instance, in subparagraph 10(d) of the first amended complaint, Below seeks recovery based upon Blue Cross' conduct in "arbitrarily and wrongfully restricting benefits for some chiropractic services rendered by Plaintiff and refusing to reimburse Plaintiff for additional services rendered by Plaintiff provided to particular patients." (*See* First Amended Complaint, doc. 8, ex. 1, ¶ 10(d).) In subparagraph 10(f), Below claims that Blue Cross "arbitrarily, without justification, and wrongfully determin[ed] that certain chiropractor services rendered by Plaintiff are 'not medically necessary' and refus[ed] to reimburse Plaintiff for such services." (*See id.*, ¶ 10(f).) Subparagraph 10(g) seeks to recover based upon Blue Cross's conduct in "refusing to pay for up to 18 visits in

one year by patients despite the fact that Plaintiff advised such additional visits and the fact that the patients' healthcare plans issued by Defendant permit 18 visits." (*See id.,* ¶ 10(g).)

Regarding these particular allegations, certain conclusions are inescapable. First, Below brings these claims for unpaid benefits in his capacity as his patients' assignee. Below's patients were the parties to whom benefits initially were to be paid. Below is entitled to them only by virtue of the assignments. Second, these claims necessarily seek benefits that are due under ERISA plans. Although Below argues that his claims are based solely on the Chiropractor Agreement, the Chiropractor Agreement cannot be enforced without reference to his patients' benefit agreements. Section 2.5 of the Chiropractor Agreement defines "chiropractic services" as "those chiropractic services rendered to a Member by a Chiropractor for which benefits are provided by the Benefit Agreement." (*See* Chiropractor Agreement, doc. 8, ex. 2.) Section 4.5 of the Chiropractor Agreement obligates Below to "make no charge for Chiropractic Services except to the extent permitted by this Agreement and the Member's Benefit Agreement." (*Id.*) Thus, under the Chiropractor Agreement, Below is not entitled to any payment for services unless benefits are due for those services under the members' benefit agreements. It is undisputed that at least some of the benefit agreements upon which Below seeks

5

recovery are ERISA plans. The conclusion therefore is unavoidable that the first amended complaint seeks to recover benefits due under an ERISA plan.

In sum, an ERISA plan is involved, the Plaintiff Below has standing to sue under the plan, the Defendant Blue Cross is an ERISA entity, and the first amended complaint seeks relief available under section 502 of ERISA. Below's civil action therefore is completely preempted by ERISA, and the Court has jurisdiction over it.

As a second basis for Below's motion to remand, Below argues that Blue Cross was untimely in filing its notice of removal. Section 1446(b) provides, in relevant part:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based ... .
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable ... .

28 U.S.C.A. § 1446(b). Below served his original complaint on Blue Cross on October 9, 2003. Blue Cross filed its notice of removal on February 6, 2004. Because Blue Cross filed its notice of removal more than thirty days after the service of the original complaint, Below argues that the notice of removal was untimely.

6

Blue Cross responds that it could not determine that the matter was removable until the Plaintiff filed the first amended complaint on January 20, 2004. Since Blue Cross filed the notice of removal within thirty days of the Plaintiff's filing of the first amended complaint, Blue Cross argues that the removal was timely.

The Court concludes that the Blue Cross could not intelligently determine that the matter was removable until the Plaintiff filed the first amended complaint. This conclusion is based on two facts: First, the original complaint does not unambiguously seek to recover unpaid benefits. Instead, the original complaint makes claims based upon the allegations that (1) Blue Cross imposed co-payments to reduce the use of chiropractic services, (*see* Complaint, doc. 8, ex. 2, ¶ 10); (2) the Chiropractor Plan "failed to operate as promised, and participating chiropractors now receive less reimbursement from Defendant than before[,]" (*see id.* ¶ 11); (3) Blue Cross failed to implement the dispute resolution procedure under the Chiropractor Agreement (*see id.* ¶ 12); (4) Blue Cross began requiring deductible payments (*see id.* ¶ 13); (5) Blue Cross required notes from chiropractors for traction, (*see id.* ¶ 13); and (6) Blue Cross deals with chiropractors on terms less favorable than those offered to other health service providers. (*See id.* ¶ 14.) None of these allegations make a facial claim for benefits.

Second, Blue Cross preserved its right to argue that the original complaint was

7

ambiguous by filing a motion for a more definite statement. In response to the motion for a more definite statement, the Plaintiff filed the first amended complaint, at which time Blue Cross promptly removed the proceeding to federal court. Thus, Blue Cross acted prudently in the face of ambiguity, and when the possible federal jurisdiction of the case became reasonably discernable, Blue Cross acted. The Court therefore concludes that the removal was timely under section 1446(b).

In light of the foregoing, the Plaintiff's motion to remand is due to be, and hereby is, **DENIED**.

**DONE** and **ORDERED** this 15th day of March, 2005.

*/s/ Virginia Emerson Hopkins*
**VIRGINIA EMERSON HOPKINS**
United States District Judge