UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| THE ALABAMA DENTAL ASSOCIATION, in an associational capacity on behalf of its members, and LEW MITCHELL, D.M.D., and JAMES SANDERSON, D.M.D., individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>BLUE CROSS AND BLUE SHIELD OF ALABAMA, INC., et al.,<br><br>    Defendants. | CIVIL ACTION NO. 2:05-CV-1230-MEF |

**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO TRANSFER VENUE TO THE NORTHERN DISTRICT OF ALABAMA**

Defendant Blue Cross and Blue Shield of Alabama ("Blue Cross") hereby submits this reply in support of its Motion to Transfer Venue to the Northern District of Alabama. For the reasons set forth below and in Blue Cross' initial Motion to Transfer Venue, this Court should transfer this case to the Northern District of Alabama under 28 U.S.C. §1404(a) as it is a more convenient forum for all parties and witnesses and furthers the interests of justice.

**ARGUMENT**

**I.   BLUE CROSS HAS MET ITS BURDEN OF SHOWING TRANSFER IN THIS CASE IS APPROPRIATE FOR THE CONVENIENCE OF ALL PARTIES AND FURTHERS THE INTERESTS OF JUSTICE.**

Plaintiffs do not dispute that this action could have been brought in the Northern District under the federal venue statute, 28 U.S.C. §1391. Therefore the §1404(a) analysis of this issue

will focus on consideration of the convenience of the parties and witnesses and the interests of justice[1].

The benefits achieved from transfer to the Northern District of Alabama substantially outweigh any arguable inconvenience to Plaintiffs. In their Response, Plaintiffs do not dispute, and do not even address, the fact that the two individually named plaintiffs in this action, Dr. Lew Mitchell and Dr. James Sanderson, reside in the Northern District. Compl. at ¶¶ 9-10. The only named Plaintiff with any connection to the Middle District of Alabama is the Alabama Dental Association, yet its standing in this matter has been challenged. See Blue Cross Motion to Dismiss. Regardless of the outcome of the pending Motion to Dismiss, the Association is suing only in a representative capacity for its members. See Compl. at ¶¶ 8. It does not dispute that it had no contract with Blue Cross, was never denied payment by Blue Cross and never relied on any alleged misrepresentations by Blue Cross. See Plaintiffs' Response in Opposition to Defendant's Motion to Dismiss at ¶ 2. Therefore by its own admission the evidence and testimony the Association will bring to this suit will not come from its headquarters in Montgomery, but from its class representatives who are exclusively located in the Northern District.

Besides copying nearly verbatim the wholly distinguishable opinion in Intergraph Corp. v. Intel Corp., 1998 U.S. Dist. LEXIS 21425 (N.D. Ala. 1998), Plaintiffs have not identified what inconvenience would be foisted upon them by a transfer. In the Intergraph case, the question of transfer was between the Northern District of California where Intel was located and

---

[1] In Blue Cross' initial Motion to Transfer, it referenced a pending related case in the Northern District of Alabama, Howard v. Blue Cross and Blue Shield of Alabama, Civil Action No. 2:05-BE-1894-S (N.D. Ala. 2005), in support of its argument that transfer would further the interests of justice. This matter was very recently transferred to the Middle District of Florida and consolidated with ongoing multi-district litigation, *In re Managed Care Litigation*. Notwithstanding this transfer, Blue Cross maintains that the interests of justice support transfer of this matter as transfer will promote the most efficient, expeditious and inexpensive utilization of judicial resources with easier access to sources of proof and the low cost of attendance for witnesses.

the Northern District of Alabama where Intergraph was located. Id. at *4-5. Intergraph, the plaintiff in that suit, had no connection to California. In contrast, the instant motion is not seeking to transfer venue from the plaintiffs' home district to that of the defendant. The individually named plaintiffs in this case (i.e., the only ones with any alleged damages – or standing) all reside in the potential transferee district. Also contrary to what Plaintiffs state in their Response, Blue Cross has not specifically sought out local counsel in the Middle District for this case. No attorney of record in this case resides in Montgomery, and of the two firms representing Blue Cross, one firm has one attorney there. Moreover, it is well established that "the fact that counsel may be inconvenienced is [almost] irrelevant to whether the motion for transfer should be granted." Bell v. Kmart Corp., 848 F. Supp. 996, 999 (N.D. Ga. 1994) (citations omitted). Therefore Blue Cross has met its burden of demonstrating that the parties would be best served by a transfer to the Northern District.

In their Response, Plaintiffs also recite the portion of the Intergraph opinion indicating that it is the availability of material witnesses that is the primary concern to a Court deciding a motion to transfer. Id. at *6. There is no question that the material witnesses in this suit will be the class representatives, presumably Drs. Mitchell and Sanderson, and employees of Blue Cross, all residents of the Northern District. Transferring venue to one near these witnesses' homes and work responsibilities "will benefit the witnesses by reducing the amount of time that they will be away from their families and jobs when appearing at trial." Bell, 848 F. Supp. at 999 (citations omitted); see also Laffal v. Overseas Adventure Travel Partners, Inc., 2000 U.S. Dist. LEXIS 4547, *8 (M.D. Fla. Mar. 31, 2000). The inconvenience to Blue Cross of having these witnesses disrupt their business to travel and attend trial will be lessened if this case is transferred. Plaintiffs do not dispute that other sources of proof for their fraud and breach of contract claims

3

will be concentrated at Blue Cross' headquarters in Birmingham; this factor strongly argues in favor of transfer as well.

Lastly, and again lifting from the Intergraph opinion, Plaintiffs state that this Court has "already expended substantial judicial energy and time in considering many of the issues of this case." Id. at *7. It is unclear what energy and time have been expended by this Court other than setting a briefing schedule for the initial issues of transfer, dismissal and removal. None of these issues have been fully briefed, argued or decided yet. Furthermore, it is not even certain this Court will hear Plaintiffs' Motion to Remand and Blue Cross' opposition thereto as this Court has the ability to transfer this case before deciding the remand question. See Gould, 990 F.Supp. at 1362-63.

II. **PLAINTIFFS' CHOICE OF FORUM IN THIS CLASS ACTION PROCEEDING SHOULD NOT OUTWEIGH THE FACTORS FAVORING TRANSFER.**

As stated in Blue Cross' initial Motion to Transfer, a plaintiff's choice of forum is entitled to less deference when the action is pled as a class action and when the operative facts underlying the causes of action in Plaintiffs' Complaint did not occur in the Middle District. Gould v. Nat'l Life Ins. Co., 990 F. Supp. 1354, 1358 (M.D. Ala. 1998); Hoffman v. Medquist, Inc., 2005 U.S. Dist. LEXIS 29995, *6 n.1 (N.D. Ga. Nov. 16, 2005); A.J. Taft Coal Co., Inc. v. Barnhart, 291 F. Supp. 2d 1290, 1310 (N.D. Ala. 2003). Here Plaintiffs' choice of forum does not have any significant connection with the parties or the underlying claims of fraud and breach of contract and thus it should be entitled to reduced weight. See also Bell, 848 F. Supp. at 1000; Patel v. Howard Johnson Franchise Sys., Inc., 928 F. Supp. 1099, 1101 (M.D. Ala. 1996); Laffal v. Overseas Adventure Travel Partners, Inc., 2000 U.S. Dist. LEXIS 4547 at *3. Thus Plaintiffs' choice of the Middle District alone should not outweigh the factors that strongly weigh in favor of transferring this case to the Northern District.

4

## **CONCLUSION**

Blue Cross and Blue Shield of Alabama respectfully requests the Court to transfer this case to the Northern District of Alabama as it is a more convenient forum for all parties, material witnesses and furthers the interests of justice.

s/ James L. Priester
One of the Attorneys for Defendant
Blue Cross and Blue Shield Of Alabama

OF COUNSEL:

James L. Priester
Edward A. "Ted" Hosp
Grace C. Robinson
MAYNARD, COOPER & GALE, P.C.
1901 6th Avenue North
Suite 2400
Birmingham, Alabama  35203-2618
(205) 254-1000
(205) 254-1999 (fax)

Jere F. White, Jr.
William H. Brooks
Terrence W. McCarthy
LIGHTFOOT, FRANKLIN & WHITE, L.L.C.
The Clark Building
400 North 20th Street
Birmingham, Alabama  35203-3200
(205) 581-0700
(205) 581-0799 (fax)

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to counsel listed below via electronic filing on this 17th day of February, 2006:

    Jere L. Beasley
    W. Daniel "Dee" Miles, III
    Clinton C. Carter
    BEASLEY, ALLEN, CROW, METHVIN,
      PORTIS & MILES, P.C.
    Post Office Box 4160
    Montgomery, AL  36103-4160

    McCALLUM, METHVIN & TERRELL, P.C.
    2201 Arlington Avenue S.
    Birmingham, AL  35205

    McCALLUM, HOAGLUND, COOK & IRBY, LLP
    2062 Columbiana Road
    Vestavia Hills, AL  35216-2147

                                        s/ James L. Priester_____
                                        Of Counsel