UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| THE ALABAMA DENTAL ASSOCIATION, in an associational capacity on behalf of its members, and LEW MITCHELL, D.M.D., and JAMES SANDERSON, D.M.D., individually and on behalf of all others similarly situated,<br><br>     Plaintiffs,<br><br>v.<br><br>BLUE CROSS AND BLUE SHIELD OF ALABAMA, INC., et al.,<br><br>     Defendants. | CIVIL ACTION NO. 2:05-CV-1230-W |

**DEFENDANT'S REPLY TO PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

Defendant, Blue Cross and Blue Shield of Alabama, Inc. ("Blue Cross" or "Defendant"), hereby replies to Plaintiffs' Response in Opposition to Defendant's Motion to Dismiss and shows the Court as follows:

1.    Plaintiffs do not dispute that they bear the burden of proving that the ALDA has standing to bring this lawsuit on behalf of its members. Valley Forge Christian College v. Americans United for Separation of Church and State, Inc., 454 U.S. 464, 472 (1982); Harvey v. Veneman, 396 F.3d 28, 34 (1st Cir. 2005). Furthermore, it is the law in this Circuit that "the components of standing must be pleaded with a fair degree of specificity." Smith v. Meese, 821 F.2d 1484, 1495 (11th Cir. 1987). Nothing in Plaintiffs' brief or complaint demonstrates with specificity that the ALDA has associational standing to bring claims on behalf of its members. Indeed, Plaintiffs' brief totally ignores much of the authority and arguments raised by Blue Cross.

1

2.      As explained in the Motion to Dismiss, an association has standing to sue on behalf of its members only when the association meets its burden of proving the following factors: "(1) its members must otherwise have standing to sue in their own right; (2) the interests it seeks to protect must be germane to the organization's purpose; and (3) neither the claim asserted nor the relief requested must require the participation of the association's individual members." Region 8 Forrest Service Timber Purchase Timbers Counsel v. Alcock, 993 F.2d 800, 805 n. 3 (11th Cir. 1993) (citing Hunt v. Washington Advertising Comm'n, 432 U.S. 333, 343 (1977)); see also Bama Budweiser of Montgomery, Inc. v. Anheuser-Busch, Inc, 783 So. 2d 792, 795 (Ala. 2000). As Blue Cross has already demonstrated, Plaintiffs do not meet prong three of the Hunt test.[1]

3.      When the rhetoric of Plaintiffs' brief is stripped away, it is apparent that the only authority upon which they rely is the bald assertion that associational standing is sometimes proper when injunctive relief is sought. Plaintiffs seem to say that because they are seeking injunctive relief in their unjust enrichment claim, associational standing for the ALDA automatically follows. Such a simplistic analysis, however, is not the law. Courts have routinely held that an association does not "automatically satisf[y] the third prong of the Hunt test simply by requesting equitable relief rather than damages." Bano v. Union Carbide Corp., 361 F.3d 696, 714 (2d Cir. 2004). In fact, an association lacks standing to assert claims of injunctive relief on behalf of it members where the fact and extent of the injury that gives rise to the claims for

---

[1] Plaintiffs seem to argue that it is inappropriate to perform this analysis at the motion to dismiss stage. Plaintiffs' Brief, ¶7. Such a claim is erroneous, as the issue of standing is routinely addressed with a motion to dismiss. See e.g., Warth v. Seldin, 422 U.S. 490 (1975); Smith v. Meese, 821 F.2d 1484, 1495 (11th Cir. 1987); Bano v. Union Carbide Corp., 361 F.3d 696, 714 (2d Cir. 2004).

2

injunctive relief "would require individualized proof." Warth v. Seldin, 422 U.S. 490, 514-15 (1975).

4. Blue Cross has already demonstrated that individualized participation of the ALDA members is necessary for the unjust enrichment claim.[2] In this claim, Plaintiffs are seeking the "retention of money [that Blue Cross] gained through deceptive practices." Complaint ¶49. There will simply be no way to determine the amount of money that Blue Cross allegedly wrongfully retained without the participation of the individual members, and Plaintiffs have done nothing to show otherwise. Plaintiffs' brief completely ignores the well settled law that "the success of a claim for unjust enrichment depends on the particular facts and circumstances of each case." Avis Rent A Car Systems, Inc. v. Heilman, 876 So. 2d 1111, 1123 (Ala. 2003) (citations and internal quotes omitted). Given this requirement of an individualized inquiry for an unjust enrichment claim, it obviously follows that the relief requested will require the participation of the individual members of the ALDA.

5. Moreover, Plaintiffs also ignore the fact that a claim for unjust enrichment is nothing more than another way to bring a claim for monetary damages. Indeed, it is hornbook law that a "claim of unjust enrichment is a legal claim in quasi-contract ***for money damages*** based upon principles of restitution." University of Colorado Foundation, Inc. v. American Cyanamid Co., 342 F.3d 1298, 1309 (Fed. Cir. 2003) (emphasis added) (citing 1 George E. Palmer, *The Law of Restitution* §§ 1.1, 1.2 (1978)). Because Plaintiffs are seeking to recover the money which purportedly allowed Blue Cross to become unjustly enriched, no matter how the claim is couched, the alleged damages of the individual members must be established. See

---

[2] Because Plaintiffs admit that the ALDA does not have standing to seek monetary damages, and because the unjust enrichment claim is the only claim where injunctive relief is sought, Blue Cross will only address the unjust enrichment claim in this reply brief.

Funliner of Alabama, L.L.C. v. Pickard, 873 So. 2d 198, 209 (Ala. 2003) ("As damages, the plaintiffs seek to recover the money they claim was unjustly paid to the defendants. Again, the plaintiffs seek to recover monetary damages and must establish their damages on an individual basis.").

6.  Next, in what is perhaps the most blatant omission in their brief, Plaintiffs do not even address the case of Medical Society of New Jersey v. AmeriHealth HMO, Inc., 868 A. 2d 1162 (N.J. Super. 2005). Although the Medical Society case is not binding authority on this Court, the facts are virtually indistinguishable from this case and the analysis is the same. Given the similarities, the case certainly serves as persuasive authority, and the fact that Plaintiffs do not even mention it or attempt to distinguish it speaks volumes.

7.  Finally, it is noteworthy that the unjust enrichment claim is really not appropriate in this case at all, as the subject matter in this case is covered by express contracts. "A party cannot recover on a claim of unjust enrichment where there is an enforceable express contract between the parties concerning the same subject matter on which the unjust enrichment claim rests." Sullivan v. Mazak Corp., 805 So. 2d 674, 674 (Ala. 2000) (See, J., concurring in part, dissenting in part) (citing Kennedy v. Polar-BEK & Baker Wildwood Partnership, 682 So. 2d 443, 447 (Ala. 1996)). Here, as reflected throughout the complaint, the subjects at issue in this case are covered under the Blue Cross contracts. Accordingly, there can be no claim for unjust enrichment. Without the unjust enrichment claim, there is no claim for injunctive relief and thus, no standing for the ALDA.

Wherefore, Blue Cross respectfully requests that the Alabama Dental Association be dismissed as a plaintiff in this case.

_/s/ Terrence W. McCarthy_
_____
One of the Attorneys for Defendant
Blue Cross and Blue Shield Of Alabama


OF COUNSEL:
Jere F. White, Jr.
William H. Brooks
Terrence W. McCarthy
LIGHTFOOT, FRANKLIN & WHITE, L.L.C.
The Clark Building
400 North 20th Street
Birmingham, Alabama 35203-3200
(205) 581-0700
(205) 581-0799 (fax)


James L. Priester
Edward A. Hosp
Grace Robinson
MAYNARD, COOPER & GALE, P.C.
1901 6th Avenue North
Suite 2400
Birmingham, Alabama 35203-2618
(205) 254-1000
(205) 254-1999 (fax)

5

## CERTIFICATE OF SERVICE

This is to certify that on this ___17<sup>T</sup>___ day of February, 2006, a true and correct copy of the foregoing was served on counsel of record by depositing a copy of same in the United States Mail, postage prepaid, properly addressed to

    Jere L. Beasley
    W. Daniel "Dee" Miles, III
    Clinton C. Carter
    BEASLEY, ALLEN, CROW, METHVIN,
      PORTIS & MILES, P.C.
    Post Office Box 4160
    Montgomery, AL 36103-4160

    McCALLUM, METHVIN & TERRELL, P.C.
    2201 Arlington Avenue S.
    Birmingham, AL 35205

    McCALLUM, HOAGLUND, COOK & IRBY, LLP
    2062 Columbiana Road
    Vestavia Hills, AL 35216-2147

                                 _____
                                 Of Counsel